# CHARLESTON.

STATE *v.* SWIFT.

Submitted June 8, 1891.—Decided November 14, 1891.

INTOXICATING LIQUORS—INDICTMENT—LICENSE.

An agent and commercial traveller for a wholesale druggist, who is doing business in the city of Parkersburg, Wood county, W. Va., who receives an order in Roane county, W. Va., on the firm he represents, for two gallons of alcohol, is liable to indictment and conviction under section 1, c. 32, Code W. Va., in the county where the order was received, unless he shows, by way of defence that he was acting under a State license at the time and place of receiving said order.

*J. A. Hutchinson* for plaintiff in error, cited 22 W. Va. 743.

*Attorney-General Alfred Caldwell* for the State, cited 33 W. Va. 146; 30 W. Va. 683; 20 W. Va. 672; Const. Art. VI. s. 46; Bish. Stat. Cr. § 995; 41 Ill. 196; 123; U. S. 623; 127 U. S. 678; 134 U. S. 40; 123 U. S. 661-663; 12 R. I. 64; Cool. Const. Lim. (3d Ed.) 180, 181 (s. p.); 22 W. Va. 743; 33 W. Va. 143.

ENGLISH, JUDGE:

The grand jurors of Roane county, W. Va., on the 28th day of March, 1889, found an indictment against Harry Swift, in which it is charged that he did on the —— day of ——, 1889, in said county of Roane, unlawfully and without a State license therefor, sell, offer, and expose for sale, and solicit and receive orders for and keep in his possession for another, spirituous liquors, wine, porter, ale and beer, and drinks of a like nature, and against the peace and dignity of the State.

The defendant demurred to said indictment, but, it being in proper form, the demurrer was overruled; and thereupon the defendant pleaded not guilty, and issue was thereon joined, and the matters in issue were submitted to a jury,

who found the defendant guilty; and thereupon the defendant moved the Court to set aside the verdict of the jury, and grant him a new trial, which motion was overruled, and the defendant excepted, and the court fixed the fine at ten dollars.

The record discloses that the defendant took three bills of exception to the ruling and judgment of the court, numbered 1, 2, and 3, respectively, with a statement of the facts proved upon the trial, which were signed and made a part of the record.

The facts proven upon the trial appear to be as follows: It was proven by Harry Woodyard, a witness for the State, that he knew the defendant, Swift; had seen him in Roane county; that said Swift had never sold him any whisky or spirituous liquors of any kind, nor solicited orders from the witness for the same; that witness was a son of William Woodyard, who is a merchant of the town of Spencer; that some time within one year next preceding the finding of the indictment in the store-room a bill of goods was purchased from J. N. Murdock, a wholesale druggist of the city of Parkersburg, W. Va., through the defendant, Harry Swift, the agent and commercial traveler of said J. N. Murdock, including some tobacco and other goods; that at that time witness was clerking for said Woodyard, and sent the said Murdock, through said defendant, Swift, an order for two gallons of alcohol; that the time and place, as well as remembered, was about November, 1888, in Roane county; that nothing was said about the price at all, and witness did not remember the price; that the alcohol was bought of J. N. Murdock, and he paid Murdock for it; that the alcohol was billed to witness; some two months afterwards witness paid said defendant, Swift, for said J. N. Murdock for said alcohol, and the defendant, Swift, gave him a receipt signed by J. N. Murdock for the defendant, Swift; that the alcohol was shipped and billed by J. N. Murdock to witness, and other goods bought were billed and shipped to witness' father. And the defendant proved by himself the following facts: That at the time spoken of by the witness for the State he was J. N. Murdock's agent or commercial traveler, and as such took the

order for the alcohol; that he was not interested in the sale thereof, and that the same did not belong to him; that J. N. Murdock is a wholesale druggist in Parkersburg, Wood county, W. Va.; that defendant never solicited this order at all, but accepted it from witness, and sent it to J. N. Murdock as the agent of said Murdock; that he thought Woodyard's order was for two gallons of alcohol, which order was sent to the house of J. N. Murdock, and he did not remember anything more about it.

The indictment in this case appears to conform strictly to the language of the statute, and for that reason I consider it sufficient, and the court committed no error in overruling the demurrer.

It is assigned as error that the court gave instruction No. 1, asked for by the State, which instruction reads as follows:

"If the jury believe from the evidence, beyond a reasonable doubt, that the defendant received from Harry Woodyard an order for two gallons of alcohol in the county of Roane within one year next preceding the finding of the indictment, then, in that case, you must find the defendant guilty."

The question as to the propriety of this instruction must be considered in connection with the facts proven in the case. If it had been shown in evidence that the defendant was acting under a State license at the time he received the order for the two gallons of alcohol, the instruction would doubtless have been objectionable; or if it had been shown that the defendant was a licensed druggist, and said sale was made for mechanical or scientific purposes, or upon the written prescription of a practicing physician in good standing in his profession, and not of intemperate habits, in accordance with the requirements of the statute, it would have been proper to reject said instruction, as we find it has been held by this Court in the case of *Shepherd* v. *McQuilkin*, 2 W. Va. 90, that "it must be presumed that the court acted correctly in refusing instructions, unless it appears by facts or testimony incorporated in the bill of exceptions that the instructions were relevant or irrelevant to the cause;" which

ruling clearly indicates that the propriety of instructions must be considered in the light of the facts proven in the case; and, regarding the objection to said instruction in connection with the facts shown by the record, we must conclude that the court committed no error in giving said instruction.

The language of the statute under which this indictment was found reads as follows : " No person without a State license therefor shall· * * * offer or expose for sale, or solicit or receive orders for or keep in his possession, spirituous liquors," *etc.*

It is contended by counsel for defendant that the word "orders" was interpolated by the compiler of the Code without authority, and that the act passed February 23, 1887 (chapter 29, Acts 1887) does not contain any provision against soliciting or receiving orders for spirituous liquors, *etc.*, but upon examination of the act as enrolled it is found that the word " orders " was not omitted from the act as it was passed, and that said act as enrolled corresponds precisely with the act as published in the Code. It is true that the word " orders " was casually omitted in printing the first section, chapter 29 of the Acts of 1887, but it is also true that said omission is enumerated among the *errata* published with said acts, showing that the omission was discovered after the acts of that year were printed; so that we must consider the act as we find it in the Code.

In the case of *State* v. *Gilman,* 33 W. Va. 146 (10 S. E Rep. 283) this Court has held that portion of section 1, chapter 32, Code 1887, which provides " that no person without a State license therefor shall * * * keep in his possession for another spirituous liquors," *etc.,* " unconstitutional and void." It is not claimed by counsel for the defendant that the portion of said section which makes soliciting and receiving orders for such liquors an indictable offence is unconstitutional, but it is contended that the State failed to prove its case under the statute as it exists. It is not the province of the court to enact laws or to change them after they have been enacted, but to construe and enforce them if they are not found repugnant to the constitution.

When the case of *State* v. *Hughes,* 22 W. Va. 743, was de-

cided, said section 1 did not contain the clause in reference to soliciting or receiving orders for spirituous liquors. In that case one of the partners in a wholesale liquor house located in Wood county solicited orders for spirituous liquors in Taylor county, and in pursuance of the orders obtained by such solicitation the liquor was shipped by express from Parkersburg; and the question was where the sale really took place, and the Court held that, under the facts shown, the sale took place in Wood county, and the party was not indictable in Taylor county.

Since then, the legislature has seen proper to amend said section by making it an indictable offense to solicit or receive orders for spirituous liquors without first having obtained a State license, and, while we can readily perceive how common carriers and private individuals may often incur the penalty of the law by receiving such orders merely as an accommodation, yet the law exists, and, if it is regarded as objectionable, it can not be repealed by the courts. The only question, then, is whether, under the facts proven in this case, the defendant, without having a State license therefor, did receive orders for spirituous liquors.

The witness Harry Woodyard proved that some time within a year next preceding the finding of the indictment he sent said Murdock, through said defendant, Swift, who was the agent and commercial traveler of said Murdock, an order for two gallons of alcohol; and the defendant also testified that he at the time spoken of by said Woodyard was J. N. Murdock's agent or commercial traveler, and as such took the order for the alcohol; that he accepted it from said Woodyard, and sent it to J. N. Murdock as the agent of said Murdock.

The statute is very comprehensive. It says: "No person without a State license therefor shall * * * receive orders for spirituous liquors," etc; and it clearly appears that such an order was received by the defendant, and sent by him to J. N. Murdock, in whose employ he was acting as agent, and that such order was received by said defendant in the county of Roane.

The question in this case is not where the sale of the two

gallons of alcohol took place, but where the order was received; and the evidence is clear that it was received in Roane county, and under the statement of facts certified we must conclude that the Circuit Court acted properly in rejecting instructions Nos. 1, 2, 3, 4, 5, 6, 7, and 8 asked for by the defendant, and the judgment complained of must be affirmed with costs to the defendant in error.

AFFIRMED.