# CHARLESTON.

STATE v. LICHTENSTEIN.

Submitted Sept. 2, 1897—Decided Nov. 24, 1897.

CONSTITUTIONAL LAW—*Liquor License—Interstate Commerce.*

So much of section 1, chapter 32; Code 1891, as requires a license to solicit or receive orders for spirituous liquors, is unconstitutional and void, as applied to those soliciting orders for the sale of goods to be shipped from points outside this State to points within this State. (p. 100).

Error to Circuit Court, Mineral County.

Reuben Lichtenstein was indicted for violation of liquor law, and acquitted.   The State brings error.

*Affirmed.*

T. S. RILEY, ATTORNEY GENERAL, for the State.

WILLIAM C. CLAYTON and C. W. DAILEY, for defendant in error.

BRANNON, JUDGE:

Lichtenstein was indicted in Mineral county for selling liquor, and also for soliciting and receiving orders for the sale of liquors, without a license to do so, and on trial was acquitted, and the State brings the case to this Court by her writ of error.   As the facts show no sale in Mineral county, the goods being shipped by express from Cumberland, Md., to the party buying, there was no offense of sale committed in Mineral county, and therefore there could be no conviction under the count of the indictment

for selling. *State* v. *Hughes*, 22 W. Va., 743. The prosecution was really for the act of soliciting and receiving an order in Mineral county for the sale of liquor by a dealer in Cumberland, Md., who, in pursuance of the order, shipped the liquor by express from Cumberland, consigned to the purchaser in Mineral county. Thus, the sole question in the case is whether the provision of Code 1891, c. 32, s. 1, that "no person without a State license therefor shall solicit or receive orders for spirituous liquors," *etc.*, is repugnant to the federal constitution and law giving power to congress to regulate commerce among the several states. Upon this question the Attorney General submits no argument for the State, and I have concluded that the question is very plain against the State, in itself and under decision of the Supreme Court of the United States, which, upon such a question must be all controlling. The case of *Brennan* v. *City of Titusville*, 153 U. S. 289, (14 Sup. Ct. 829), is alone decisive against the State, holding that an ordinance requiring agents soliciting orders for manufacturers of goods to take out a license and pay a tax, made by a municipal corporation under a statute of the state, is an exercise, not of the police power, but of the taxing power, and, when enforced against an agent sent by a manufacturer of goods in another state to solicit orders for the products of his manufactory, it imposes a tax on interstate commerce, in violation of the constitution of the United States. No question can be made, of course, to distinguish this from other cases, because the article sold was spirituous liquors; for spirituous liquors are property, and a legitimate subject of traffic and interstate commerce. *Crutcher* v. *Kentucky*. 141 U. S. 60, (11 Sup. Ct. 851); *Leisy* v. *Hardin*, 135 U. S. 100, (10 Sup. Ct. 681). It has often been held that a state law is unconstitutional and void which requires a party to take out a license for carrying on interstate commerce, no matter how specious the pretext may be for imposing it; no matter whether it be by way of dues laid on the transportation of the subject of interstate commerce, or on the receipts derived from that transportation, or on the occupation or business of carrying it on, for the reason that taxation is a burden on that commerce, and amounts to a regulation of it, and belongs

alone to congress.   The fact that congress has made no regulation touching it makes no difference, as that evinces an intent to leave interstate commerce free and open, and beyond the power of the state to make any regulation trenching on its freedom.   *Crutcher* v. *Kentucky*, 141 U. S. 47, 58, (11 Sup. Ct. 851); *Leisy* v. *Hardin*, 135 U. S. 100, (10 Sup. Ct. 681); *Lyng* v. *Michigan*, 135 U. S. 161, (10 Sup. Ct. 725); *Brennan* v. *City of Titusville*, 153 U. S. 289, (14 Sup. Ct. 829); *Robbins* v. *Taxing Dist.*, 120 U. S. 489, (7 Supt. Ct. 592).   The state statute imposes a tax on the act of an agent soliciting and receiving orders for the sale of goods, and is, of course, a restriction, and to that extent a prohibition of interstate commerce, as the act applies to persons selling outside and within the state.   It is a tax on the business, and therefore is a clear restriction and limitation and regulation of interstate commerce, when it is applied to sales of merchandise outside the state, and brought into it.   It will not do to say that the act is a mere police regulation, within the unlimited power of the state, and for two reasons: First.   The act is a revenue or tax act, having for its sole purpose the production of revenue.   The evil of spirituous liquors can justly be said not to enter into the statute, and, if at all, only secondarily; but it is to be regarded a tax act, as shown by Justice Brewer in *Brennan* v. *City of Titusville, supra*, and therefore cannot get shelter under the police power.   Second.   Even if the statute were for purposes of police power, it could not stand; for, as said in *Walling* v. *People*, 116 U. S. 446, 460, (6 Sup. Ct. 454), "the police power cannot be set up to control the inhibition of the federal constitution or the powers of the United States government created thereby."   This is abundantly sustained in *Leisy* v. *Hardin, supra*.   These general principles overthrow the state act so far as it applies to interstate commerce; but, to fortify myself in this, I will refer to cases pointedly applicable to such a clause as that requiring a license for soliciting orders.   Refer back to *Brennan* v. *City of Titusville, supra*.   Next take the case of *Robbins* v. *Taxing Dist.*, 120 U. S. 489, (7 Sup. Ct. 592).   Robbins was engaged in soliciting in Tennessee sales of goods for an Ohio firm, exhibiting samples to further sales.   A Tennessee statute

imposes a license.    The supreme court of the United
States held that the state could not impose the tax on
drummers for business houses outside the state, who were
declared by the court to be engaged in interstate com-
merce.    It affirms strongly the exclusive power of con-
gress to make regulations as to interstate commerce, and
holds that the failure to do so indicates its will that the sub-
ject shall be left free from any restriction, and that, what-
ever may be the extent of the police power of the state, it
cannot go so far as to uphold any regulation directly af-
fecting interstate commerce.    In *Asher* v. *Texas*, 128 U. S.
129, (9 Sup. Ct. 1), a state statute requiring a "commer-
cial traveller, drummer, salesman or solicitor of trade" to
pay a tax was declared void so far as it affected one solicit-
ing orders for a business house in another state.    In
*Stoutenburgh* v. *Hennick*, 129 U. S. 141, (9 Sup. Ct. 256),
the agent of a business house of Maryland soliciting or-
ders in the District of Columbia without license from that
District was held not liable to the tax, because the act re-
quiring it was void as affecting interstate commerce.    In
*McCall* v. *California*, 136 U. S. 104, (10 Sup. Ct. 881), Mc-
Call was an agent soliciting business in California for an
Eastern railroad corporation, not selling tickets or re-
ceiving pay on its account; and it was held that he was
engaged in interstate commerce, and the license tax im-
posed upon him for the privilege of doing such business
was unconstitutional.    So with the case of *In re Spain*, 47
Fed. 208.    A drummer for a house at Charleston, W. Va.,
soliciting orders in North Carolina, was held to be engaged
in interstate commerce, and not liable to a license tax im-
posed by the laws of North Carolina.    See same principle
in *McLaughlin* v. *City of South Bend* (Ind. Sup.) 26 N. E.
185.    While holding this statute void as applied to those
soliciting orders for sales of goods to be shipped into this
State from points outside of it, it is always to be under-
stood that the statute is valid in cases where both the act
of soliciting and the point of shipment are in this State,
and in such case we adhere to our holding in the case of
*State* v. *Swift*, 35 W. Va., 542, (14 S. E. 135).    I do not
think there is anything in the point made for defendant
that no license can be taken for the act of soliciting, as no

tax is provided by it for that privilege, as I think that the tax fixed for a license to sell spirituous liquors applies to the privilege of soliciting.   Therefore we affirm the judgment.

*Affirmed.*