# CHARLESTON.

## STATE v. WHEAT.

| 48 | 259 |
|----|-----|
| e65 | 527 |

Decided November 17, 1900.

1. INTOXICATING LIQUORS—*Wholesaler's Liability.*
    One licensed as a wholesale liquor dealer in one county is not liable to prosecution under section 1, chapter 32, Code 1891, prohibiting any person without license from soliciting or receiving orders for liquor, for merely mailing circulars soliciting such orders, addressed to persons in another county. (p. 260).

2. SOLICITING ORDERS FOR LIQUORS.
    The said provision of the Code applies to one merely soliciting orders for liquor, though no such order be given. (p. 261).

Error to Circuit Court, Brooke County.

L. B. Wheat was convicted of illegal sale of liquors, and brings error.

*Reversed.*

HOWARD & HANDLAN, for plaintiff in error.

EDGAR P. RUCKER, ATTORNEY GENERAL, and L. C. ANDERSON, for defendant in error.

BRANNON, JUDGE:

L. B. Wheat was engaged in Ohio County in selling beer by wholesale under a license there issued, and there mailed circulars addressed to persons in Brooke County soliciting orders for beer, and having no license in Brooke County, she was indicted in that county under the clause of section 1, chapted 32, Code 1891, providing that no one without license shall "sell, offer for sale, or solicit or receive orders for" spirituous liquors, beer, etc., and upon facts agreed she was adjudged guilty by the court, and she has brought this writ of error.

I do not think this conviction is correct. The case of *State* v. *Swift,* 35 W. Va. 542, does not sustain the conviction, because that case did not involve the rights of one having a wholesale liquor license, but it involved the rights of a druggist, who can sell only for specific purposes, and it was not shown in that case that the sale was for the purpose authorized by the druggist license. This case involves the rights of one having a lawful wholesale liquor license.

Is the statute referred to to be construed as prohibiting a licensed wholesale dealer in Wheeling from sending his advertisement by circulars soliciting business into Brooke County? If he advertises his business in a Wheeling newspaper, knowing that it circulates in Brooke County, and with intent there to get orders, is he indictable in Brooke County? To answer that he is would seem to me to be carrying the statute beyond what we may fairly say was the design of the legislature. A wholesale business, for success, requires solicitation for orders, and it is usual for wholesale dealers to send out agents and circulars asking custom.

There is no separate license for merely soliciting or receiving orders, and no tax fixed thereon as a separate license, but only on a sale license, and a tax on that license, the privilege of soliciting and receiving orders being incident to the sale license, and

it may be exercised as an attendant upon such wholesale license anywhere either in person or by agent. If this is not so, the wholesale dealer, though he has paid for his license, would be deprived of rights essential to his business, and would be, in soliciting, confined to his county; indeed, he would be confined to his place of business.

His license gives clear right to sell liquor to one in another county, and to ship it there by a common carrier (*State* v. *Flánnagan,* 38 W. Va. 53), and this sale being lawful, it may be asked why should a solicitation for it be unlawful? The Code says that if one has a sale license, he may solicit orders, and it seems to me that such licensee may solicit custom anywhere, as an incident to that license. It would seem immaterial that the law confines the license to business at a particular place or one county, since the solicitation and receipt of orders are not for sale and delivery in other counties, but for sale to be executed as consummated contracts at the place and in the county designated in the license; that is the place of sale. In the Swift case the agent was personally present receiving the order in Roane County, his principal, the druggist, doing business in Wood County; whereas, the defendant in this case was not in Brooke County, her only act being the deposit of circulars in the postoffice at Wheeling, in Ohio County. But, in fact, the Swift case is the case of a druggist, a licensee of limited right, whilst this is the case of a wholesale liquor licensee. I cannot think that the statute designed to go so far as to prohibit one having a wholesale liquor license in Ohio County from advertising his business, by newspapers and circulars, in other counties. Again, there may be question whether the offense was committed in Brooke County, as the circulars were left in the mail in Ohio County, and it may be said the act was there complete, on the theory similar to that of contracts that when acceptance is by letter it is held to complete the contract in the county where the letter is deposited in the mail. *Galloway* v. *Standard Co.,* 45 W. Va. 237. The receipt of the circulars, it is true, was in Brooke County, and the proposition just made may be, therefore, questionable; still it is not without force as an additional reason against conviction.

Counsel make the point that the mere act of soliciting orders, not followed by an actual order, is no violation of the statute; but the letter of the statute prohibits both soliciting and receiv-

ing orders, and the act of soliciting may result in an actual order being given, and hence is prohibited as a preventative. Therefore, the finding and judgment of the circuit court are set aside and reversed, and this Court proceeding to make and render such finding and judgment as that court should have made and rendered, doth now, upon the facts agreed, find for the defendant, and doth consider that said defendant be discharged from the said indictment, and go therefore without day.

*Reversed.*