SMITH *v.* THE STATE.

The evidence authorized the judgment rendered in the county court, and it
was therefore no error to overrule the certiorari.

Submitted November 19,—Decided December 11, 1906.

Accusation of selling liquor. Before Judge Littlejohn. Crisp
superior court. September 26, 1906.

The accused was arraigned in the county court for a violation of
the general local option liquor law, and was convicted. He car-
ried the case by certiorari to the superior court, where the certiorari
was overruled, and he excepted. One witness for the State testi-
fied that the accused kept a store in Crisp county, and resided there;
that he got him to order whisky at different times; that he got
it from De Soto, he thinks. It was in what is known as Crisp
county. Witness would leave money with the accused, and accused
would get the whisky and let him have it. The accused would
deliver whisky generally after the arrival of trains. Witness gave
to the accused the money to pay the express, and the accused got the
whisky and let him have it. The whisky would come by express
addressed to him, and he had gone to the express office on some
occasions and paid the express and received the whisky, but did

not remember any special occasion when he received the whisky at the express office himself. Another witness testified that he told the accused to order him whisky, and afterwards he got the whisky ordered, but from another party whom he sent to the accused for it. This was in Crisp county. He did not know where the accused got the whisky, but told him to get a quart. Did not know whether he ordered it over the telephone or not. The accused in his statement claimed that he had never sold any whisky to anybody; that he would sometimes take the money from persons, and order whisky from De Soto over the telephone, representing the party ordering the whisky, doing this as a matter of convenience and accommodation.

*Walter F. Hall,* for plaintiff in error.

*Frank A. Hooper, solicitor-general,* contra.

COBB, P. J. (After stating the foregoing facts.) It appearing from the evidence that at least on some occasions the accused received the money, ordered the whisky, and thereafter himself delivered the whisky to the person for whom it was ordered, a prima facie case of guilt was established. See *Billups* v. *State,* 107 *Ga.* 766 and cit. The weight to be given the statement of the accused was entirely for the jury; and if they believed that the contention therein set up, that he acted as agent of the buyer and ordered the whisky over the telephone, was a mere subterfuge and pretense to cover an illegal sale of whisky, they were at liberty to disregard the statement entirely and rest a conviction upon the prima facie case established by the State's evidence. *White* v. *State,* 93 *Ga.* 47; *Burden* v. *State,* 120 *Ga.* 198; *Graves* v. *State,* 127 *Ga.* 46. In *Dunn's* case, 82 *Ga.* 27, the agent for the seller took an order for the sale of the whisky which was thereafter delivered by a common carrier, the delivery not being by the agent or the seller directly. This decision was rendered prior to the adoption of the law prohibiting the soliciting of sales in dry counties. The judge did not err in overruling the petition for certiorari.

*Judgment affirmed. All the Justices concur.*