## GRAVES v. THE STATE.

FISH, C. J. 1. On the trial of one charged with taking orders for the sale of intoxicating liquors in a prohibition county, the evidence for the State was to the effect that, within the statute of limitation, many persons frequently went to the accused, at his place of business in such county, and paid him the price of the quantity and variety of intoxicating liquor they desired; whereupon he ordered such liquor over a long-distance telephone from his place of business of divers liquor dealers in other counties, and subsequently delivered the liquor to the purchasers, at his place of business, upon the payment by them of the express charges on the same, the purchasers not knowing from whom the liquor was ordered, nor paying anything for the telephone message. *Held*, that the evidence authorized a verdict of guilty of the offense charged. See *Walker* v. *State*, 122 *Ga.* 747, 124 *Ga.* 97; *Smith* v. *State*, ante, 44.

2. Points in the record, made by plaintiff in error, but not referred to in the brief of his counsel, will be considered as having been abandoned.

*Judgment affirmed. All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Indictment for unlawful sale of liquor. Before Judge Little-john. Crisp superior court. September 26, 1906.

*J. T. Hill*, for plaintiff in error.

*F. A. Hooper, solicitor-general*, contra.

---

## DARBY v. THE STATE.

COBB, P. J. 1. Evidence which establishes that one is an habitual loafer and loiterer both morning and evening "in the tenderloin district" of a city, who is able to work and has no property, no reasonably continuous employment, and no regular income, is sufficient to support a conviction for the offense of vagrancy under the provisions of the Penal Code, § 453, par. 3. *Carter* v. *State*, 126 *Ga.* 570.

2. While there were serious conflicts in the evidence on some of the material points involved in the case, there was ample evidence to authorize the verdict; and the discretion of the judge in overruling the motion for new trial will not be interfered with.

*Judgment affirmed. All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Accusation of vagrancy. Before Judge Willis. City court of Columbus. October 20, 1906.

*S. T. Pinkston*, for plaintiff in error.

*H. H. Swift, solicitor*, and *L. C. Slade*, contra.