# CHARLESTON.

## STATE *v.* MILLER.

Submitted September 8, 1909.    Decided December 7, 1909.

1. COMMERCE—*Effect of Wilson Act—Powers of States.*

    The federal statute, passed on the 8th day of August, 1890, known as the "Wilson Act," removed all limitations upon the powers of the states to regulate or prohibit, all sales, contracts and other acts and transactions, relating to intoxicating liquors, occurring wholly within their territorial jurisdictions. (p. 437).

2. SAME—*Power of State—Traffic in Intoxicating Liquor.*

    The provisions of chapter 32 of the Code, respecting sales and other transactions, in the State, pertaining to intoxicating liquors, as amended and re-enacted, since the date of the passage of said "Wilson Act," apply to retail dealings of that kind, wholly within the state, on the part of non-residents as well as residents. (p. 438).

3. SAME—*Regulations—Intoxicating Liquors—Sales by Non-resident.*

    Said provisions prohibit a non-resident dealer, having no license under the laws of this State to sell at retail, and solicit and receive orders for, such liquors, from soliciting or receiving orders for the same, to be sold at, and shipped into this State from, a place in another state. (p. 438).

Error to Circuit Court, Mineral County.

John Miller was convicted of an illegal sale of liquor, and brings error.

*Affirmed.*

*R. A. Welch,* for plaintiff in error.

*William G. Conley Attorney General,* for defendant in error.

POFFENBARGER, JUDGE:

On the following statement of facts, agreed to, John Miller was convicted, in the circuit court of Mineral county, and adjudged to pay a fine of $25.00 and sentenced to imprisonment in the county jail for two months: The defendant John Miller, is the representative of M. J. Miller's Sons Company, a corporation, wholesale liquor dealers of Westernport, Maryland. As such representative, the said John Miller, on the ...... day .

of December, 1908, went to Elk Garden, Mineral county, West Virginia, and solicited and received from John Doe an order for one keg of beer an intoxicating drink; that the said John Doe, at the time of giving the order, paid to the said John Miller for the said M. J. Miller's Sons Co., $2.00 for said beer; that, after receiving said order and said sum of money, the said John Miller sent said money and order to the said M. J. Miller's Sons Company and said order was filled and shipped by said company by express from Westernport, Maryland, within a day or two after said order was given, and was received by the said John Doe at Elk Garden, Mineral county, West Virginia, and that the said John Miller had no license to sell or solicit and receive orders for intoxicating drinks in Mineral county, and that the said John Miller is a resident and citizen of the state of Maryland.

Relying upon the decision in *State* v. *Lichtenstein,* 44 W. Va. 99, he challenges, on his writ of error, the correctness of the judgment.

I am not prepared to say the decision in the *Lichtenstein Case* was wrong, though the reason assigned therefor may not be tenable.   Prior to the act of Congress, known as the "Wilson Act," passed August 8, 1890, section 1 of chapter 32 of the Code did not inhibit soliciting orders for liquors in this State, as the basis of sales to be consummated in, and shipments to be made from, places in other states.   If the legislature intended the statute to have such scope and effect, it was, to that extent, in conflict with federal interstate commerce law and, therefore, viod for want of power in the state legislature to enforce it.   This limitation upon the power of the state was removed by the "Wilson Act," but the state statute had been previously passed, at a time when, by reason of the limitation, it could not take effect and was void, in so far as it contemplated such transactions.   As to them it was a dead, worthless thing.   The removal of the limitation by the act of Congress did not convert it into a valid statute nor put life or efficacy into it.   That could be done only by re-enactment by the state legislature, and, between 1890, the date of the removal of the limitation upon the state's power, and 1897, the date of the decision of the *Lichtenstein Case,* this had not been done. A void statute can be made effective only by re-enactment.   *State* v.

*Tufly*, 20 Nev. 374; *Comstock &c. Co.* v. *Allen*, 19 Nev. 325; *Jones* v. *McCaskill*, 112 Ga. 453; *Erie* v. *Brady*, 150 Pa. 462; *Seneca Mining Co.* v. *Osmun*, 82 Mich. 573; *Banaz* v. *Smith*, 133 Cal. 102. There is a line of federal cases to the contrary, commencing with *In re Rahrer*, 140 U. S. 545, but they do not answer satisfactorily to my mind, the argument and considerations upon which the opposite conclusion rests, and the federal decisions are not binding on questions, arising in the construction or interpretation of state laws. In the *Rahrer Case* three of the ablest justices of the court refused to concur in the reasoning by which the conclusion was reached.

But this case stands in a different situation. Since 1897, section 1 of chapter 32 of the Code has been re-enacted. See Acts 1905, chapter 36. From and after the date on which this act became effective, it has been in force to the full extent of legislative intention. It is general in its terms, making no exception in favor of non-resident dealers, authorized to sell by the laws of the states in which their places of business are located, and forbids the selling, offering and exposing for sale, and the soliciting and receiving orders for, spirituous, and all other intoxicating liquors and liquids, without a license, authorizing the same. We have held that a license to sell, includes the right to solicit, even in counties other than that in which the license was procured, but we have never decided that orders may be solicited or taken by one having no license at all, nor do we see how the statute can be so construed as to uphold such a conclusion. No pretention of that kind is set up here. The only contention is that the statute does not apply to the soliciting of orders as a basis of sales to be made outside the state, but, as we have said, there is no exception of that kind in its terms. Lack of power in the state legislature to interfere with such transactions, on the theory that they are within federal protection, as interstate commercial transactions, is the sole ground of the argument for immunity from the operation of the statutory provision. Once this position was tenable, but it is no longer so. The "Wilson Act" utterly destroyed it. *Delemater* v. *South Dakota*, 205 U. S. 93. We need not here repeat the opinion in that case. This conclusion was indicated in the opinion of Judge MILLER in *State* v. *Marks*, 65 W. Va. 523.

The sale involved here was a sale at retail. Whether, in the case of a solicitor for a non-resident wholesale dealer, our conclusion would be the same, we are not called upon to say, nor have we examined the statute in the light of such a case.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*

BRANNON, JUDGE:

I concur in the judgment. As to that feature of the opinion to the effect that the statute enacted before the act of Congress known as the "Wilson Act" was utterly and completely void at its enactment, and never had any force, and that before the State could have the benefit of the "Wilson Act" it must re-enact the statute prohibiting solicitation of orders for liquor, I do not agree. That position is denied by the highest authority. It is fully met by the decision of the Supreme Court of the United States in the case of *In re Rahrer*, 140 U. S. 545, holding: "It was not necessary, after the passage of the Act of Congress of August 8, 1890, to re-enact the Laws of Kansas of 1889, forbidding the sale of intoxicating liquors in the State, in order to make such State Law operative on the sale of imported liquors." As to the contention that the state statute was utterly void before the Wilson Act the opinion says, speaking of the case of *Leisy* v. *Harden,* which had held a state statute inoperative, as to interstate commerce, "This was far from holding that the statutes in question were absolutely void in whole or in part, as if they had never been enacted. On the contrary, the decision did not annul the law, but limited its operation to the property strictly within the jurisdiction of the state." In *Butler* v. *Gorley,* 146 U. S., p. 314, the Court approves the *Rahrer Case,* holding that the repeal of the bankrupt act "removed an obstacle to the insolvency laws of the State, and did not render necessary their re-enactment." And in *Emert* v. *Missouri,* 156 U. S., on p. 321, the Court said: "This Court unanimously held that intoxicating liquors brought into a state before this act of Congress, were subject to the operation of the earlier statutes of the state remaining unrepealed. *In re Rahrer,* (1891) 140 U. S. 545, 560, 564." Thus, that Court says that the *Rahrer Case* in this respect was unanimous. So, the Supreme Court has three times held

that when the ban of the Federal supremacy was once removed, the prior state statute operated without re-enactment. The opinion in *Blair* v. *Ostrander,* 109 Iowa 204 (77 Amer. St. R. 532), forcibly answers this proposition. "It is claimed that the statute enacted by the general assembly of this state in the year 1878 was void when passed, and the act of Congress set out did not give it effect. That it was not effectual prior to the taking effect of the act of Congress is, as we have seen, true; but it does not follow that the end sought to be accomplished could be attained only by the enactment of a new statute after the act of Congress was passed. In the case of *In re Rahrer,* 140 U. S. 545, the effect of a statute of the state of Kansas in regard to the sale of intoxicating liquors within the state was considered. It was passed before the act of Congress of August 8, 1890, entitled 'An act to limit the effect of the regulations of commerce between the several states and with foreign countries in certain' cases,' which made subject to the laws of the state intoxicating liquors transported into it, and it ' was contended that, as the Kansas statute had not been re-enacted, it was without effect as to intoxicating liquors taken into the state. But the supreme court of the United States held, in effect, that the state statute was not effectual as against intoxicating liquors brought into the state until the act of Congress took effect, not because the act of the state was void, but for the reason that there was an impediment to its enforcement, which the act of Congress removed, and it was said that there was 'no adequate ground for adjudging that a re-enactment of the state law was required before it could have the effect upon imported, which it had always had upon domestic, property.' " This position is approved in *In re Jordan,* 49 Fed. 243.     *State* v. *Lord,* 66 N. H., on p. 489, so holds, saying a re-enactment of the state statute prohibiting the sale of liquor is not required after the passage of the Wilson Act. The case of *Starace* v. *Rossi,* 69 Vt. 305 (37 Atl. Rep. 1110), also holds that re-enactment is not necessary. The point is really not in the case, because after the "Wilson Act" the state act was re-enacted; but it is introduced in the opinion, and I do not wish to be understood as agreeing to that position. Neither does Judge WILLIAMS, who concurs in this note. As to the *Lichenstein Case,* 44 W. Va. 99, I am frank to say that I did not know then of the

"Wilson Act." If I had I might have come to a different conclusion.

After writing the above I notice that the Supreme Court again said that no re-enactment of the state statute after the Wilson Act was necessary. It said, "Congress did not use terms of permission to the State to act, but simply removed an impediment to the enforcement of the state laws with respect to imported packages in their original condition, created by the absence of a specific utterance on its part. It imparted no power to the State not then possessed, but allowed imported property to fall at once upon arrival within local jurisdiction. *In re Rahrer,* 140 U. S. 545, 564; see also *Butler* v. *Goreley,* 146 U. S. 303, 314." *Central Pacific R. Co.* v. *Nevada,* 162 U. S., p. 523.