## KIRKPATRICK *v.* THE STATE.

1. Section 434 of the Penal Code is sufficiently broad to prohibit an agent of a non-resident dealer, engaged in interstate commerce, from personally soliciting orders in this State for the sale of intoxicating liquors to be shipped into this State by his principal.
2. So construed, the section of the code above mentioned is not violative of art. 1, sec. 8, par. 3, of the constitution of the United States, relative to interstate commerce.

OCTOBER 16, 1912.

The Court of Appeals certified to the Supreme Court for decision two questions following, to say:

"First. Does section 434 of the Penal Code (1910), properly construed, prohibit an agent of a non-resident dealer, engaged in interstate commerce, from personally soliciting orders in this State for the sale of intoxicating liquors, to be shipped into this State by the non-resident dealer?

"Second. If this section oe so construed as to prohibit such solicitation by such agent of orders for the sale of intoxicating liquors, is it valid and enforceable, so far as solicitation for interstate sales and shipments of intoxicating liquors is concerned, in view of the provisions of article 1, section 8, paragraph 3, of the constitution of the United States, and the acts of Congress passed in pursuance thereof?"

*Rosser & Brandon* and *J. M. Neel,* for plaintiff in error.

*T. C. Milner, solicitor-general,* and *George W. Stevens,* contra.

ATKINSON, J.  1.  The code section designated in the first question declares: "If any person shall contract to sell, take orders for, or solicit, personally or by agent, the sale of spirituous, malt, or intoxicating liquors in any county of this State, he shall be guilty of a misdemeanor." The express language thus employed requires no reinforcement of argument to show a legislative design to prohibit in this State the making of contracts for the sale of the articles mentioned, or the taking or soliciting of orders for them. Agents for dealers are not excepted, and the statute has been held applicable to them. *Walker* v. *State,* 122 *Ga.* 747 (50 S. E. 994); *Graves* v. *State,* 127 *Ga.* 46 (56 S. E. 72). Agents of non-resident dealers are not excepted, and it was not intended that they should be. In fact, the law in question received statutory force by the adoption of the Code of 1910, and differed somewhat from the law on the same subject which was enacted by the act of 1893 (Acts 1893, p. 113), as amended by the act of 1897 (Acts 1897, p. 39). At the time of the adoption of the Code of 1910, the general prohibition law (Acts 1907, p. 81) was in force in this State. In view of this, it would be remarkable if the legislative design, to which allusion has been made, should not have extended to solicitation within this State by non-resident dealers and their agents.

2.  Thus construed, the provisions of the section of the code under consideration are not violative of art. 1, sec. 8, par. 3, of the constitution of the United States, relative to interstate commerce. The law was intended purely as a police regulation, and falls clearly within the ruling in the case of DeLamater v. South Dakota, 205 U. S. 93 (27 Sup. Ct. 447, 51 L. ed. 724). The question actually involved in that case had reference to the right of the State of South Dakota to impose a license tax on traveling salesmen soliciting orders for intoxicating liquors, under a law which had been declared by the highest court of the State to be a police regulation, and not a taxing act. The law was held to be a valid exercise of the police power of the State, and not violative of the commerce clause of the constitution of the United States. If the State could impose a tax on such business under the exercise of its police power without violating the interstate-commerce clause, it could with equal propriety in the exercise of such power prohibit the business. The reasoning in the opinion went to that extent. Prior

to the decision in that case, it was generally held, both by State and Federal courts, that a State could not make such a prohibition. See *R. M. Rose Co.* v. *State,* 133 *Ga.* 353-359 (65 S. E. 770, 36 L. R. A. (N. S.) 443), and citations. But since the decision in the DeLamater case the current of authority has been the other way. State ex rel. Jackson *v.* William J. Lemp Brewing Co., 79 Kan. 705 (102 Pac. 504, 29 L. R. A. (N. S.) 44); Williams *v.* State, 5 Okla. Cr. 206 (114 Pac. 624); Zinn *v.* State, 88 Ark. 273 (114 S. W. 227); Crigler *v.* Shepler, 79 Kan. 834 (101 Pac. 619, 23 L. R. A. (N. S.) 500).

Nothing here ruled is in conflict with any ruling made in the *Rose* case, supra, nor is there anything in the *Rose* case holding that the doctrine of the DeLamater case would be irrelevant to the present. The *Rose* case was not one in which the agent came personally into this State and solicited orders, but was one in which orders were solicited by letters sent in the United States mail, posted beyond the limits of this State, and at a place where it was lawful to sell intoxicating liquors. The ruling there made distinctly recognized that made in the DeLamater case, but held it inapplicable to the facts of that case. The distinction there made is not applicable in the present case, the agent being personally in this State soliciting orders.

Both of the questions propounded by the Court of Appeals are answered in the affirmative.          *All the Justices concur.*