### 4126. AKRIDGE *v.* CITY OF ATLANTA.

RUSSELL, J. Irrespective of the question as to the admissibility of evidence which it is insisted should have been excluded upon the ground that it was obtained by illegal seizure and search of the defendant's person, and without regard to the admissibility of the copy of the revenue license, the other circumstances proved in the case compel the conclusion that the defendant was guilty of a violation of the municipal ordinance.　　　　　　　　　　　　　　　*Judgment affirmed.*

DECIDED FEBRUARY 11, 1913.

Certiorari; from Fulton superior court—Judge Ellis. February 2, 1912.

*J. S. McClelland,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

### 4127. KIRKPATRICK *v.* THE STATE.

RUSSELL, J. 1. The various assignments of error based upon the alleged unconstitutionality of section 434 of the Penal Code of 1910 are controlled adversely to the contentions of the plaintiff in error, by the answer of the Supreme Court to the questions certified to it by this court in this case. 138 *Ga.* 794 (76 S. E. 53).

2. Where an agent of a non-resident dealer in intoxicating liquor distributes circulars and price-lists of such liquors, and, in connection therewith, personally gives away samples of such intoxicating liquors in this State, he is guilty of soliciting, within the terms of section 434 of the Penal Code.　　　　　　　　　　　　*Judgment affirmed.*

DECIDED FEBRUARY 11, 1913.

Indictment for misdemeanor; from Bartow superior court—Judge Fite. March 9, 1912.

*J. M. Neel, Rosser & Brandon,* for plaintiff in error.

*T. C. Milner, solicitor-general, George W. Stevens,* contra.