[*Crim. No. 1804. In Bank.—January 7, 1914.*]

## In the Matter of the Application of ALBERT J. ANIXTER, for a Writ of Habeas Corpus.

MUNICIPAL CORPORATIONS—PROHIBITING CONTRACTS FOR SALE OF LIQUORS—ORDINANCE NOT IN CONFLICT WITH WYLLIE ACT.—An ordinance of the town of Winters, making it unlawful, within the corporate limits of the municipality, "to solicit orders, take orders, or make agreements for the sale or delivery of any intoxicating liquors," is not in conflict with the provisions of the local option law known as the Wyllie Act, (Stats. 1911, p. 599).

ID.—POWER TO REGULATE OR PROHIBIT SALE OF LIQUORS.—A state and its subordinate municipal agencies may pass laws, even laws penal in their character, regulating and indeed prohibiting the sale of intoxicating liquors, or the soliciting of orders, or the making of contracts for the sale of such liquors.

ID.—POLICE POWER—LIMITED EXTENT OF TOWN REGULATION.—Such laws and ordinances are upheld when they show a reasonable and therefore valid exercise of the police power; and as the justification for such a police regulation in a town is the protection of its inhabitants against the injurious effects of indulgence in intoxicants, it follows of necessity that any ordinance devoted to this end must go to the extent of such protection and not further.

ID.—PROHIBITING CONTRACTS FOR SALE OF LIQUORS—DELIVERY WITHIN TOWN LIMITS—ORDINANCE CONSTRUED TO GIVE IT VALIDITY.—The utmost right of control of the town of Winters, touching the liquor traffic, is to prevent soliciting and contracts of sale made within its limits for delivery of intoxicants therein. The ordinance, therefore, in order to give it validity, should be construed to apply only to the soliciting and contracting for the sale of intoxicants to be delivered within the town limits. The town could not prohibit the

making of a contract within its limits for the sale of intoxicants
to be delivered without those limits. Such an ordinance would not
be a reasonable exercise of the police power and would be in
restraint of contract and of trade.

ID.—COMPLAINT CHARGING IN LANGUAGE OF ORDINANCE.—A complaint
which charges a violation of the ordinance in the language thereof
is sufficient. The defendant, however, would be completely ex-
onerated by a showing that in fact the delivery was not to be made
within the territorial limits of the town.

APPLICATION for a Writ of Habeas Corpus directed to
the marshal of the town of Winters.

The facts are stated in the opinion of the court.

M. S. Wahrhaftig, for Petitioner.

A. G. Bailey, for Respondent.

HENSHAW, J.—Petitioner was convicted in the re-
corder's court of the town of Winters, county of Yolo, state
of California, of violating the provisions of a penal ordinance
of that town. Section one of the ordinance is as follows: ·

"It shall be, and is hereby made unlawful for any person,
corporation, firm, company, association, or club, as principal,
agent, employee, or otherwise, within the corporate limits of
the said town of Winters, to solicit orders, take orders, or
make agreements for the sale or delivery of any intoxicating
liquors or liquor of any kind whatever, or in any quantity or
quantities."

The complaint charged the offense in the language of this
section.

The contentions of petitioner against the validity of this
ordinance, as being in conflict with the provisions of the
Wyllie Act (Stats. 1911, p. 599), are disposed of by the
opinion and decision of this court in *Ex parte Ellsworth,* 165
Cal. 677, [133 Pac. 272].

It is, of course, well settled that a state and its subordinate
municipal agencies may pass laws, even laws penal in their
character, regulating and indeed prohibiting the sale of in-
toxicating liquors, or the soliciting of orders, or the making
of contracts for the sale of such liquors. (*Ex parte Christ-
ensen,* 85 Cal. 208, [24 Pac. 747]; *Mugler* v. *Kansas,* 123

U. S. 623, [31 L. Ed. 205, 8 Sup. Ct. Rep. 273]; *Delamater* v. *South Dakota,* 205 U. S. 93, [10 Ann. Cas. 733, 51 L. Ed. 724, 27 Sup. Ct. Rep. 447]; *State* v. *State Capital Co.,* 24 Okl. 252, [103 Pac. 1021]; *Kirkpatrick* v. *State,* 138 Ga. 794, [76 S. E. 53]; *Williams* v. *State,* 5 Okl. Cr. 206, [114 Pac. 624]; *Rose* v. *State,* 4 Ga. App. 588, [62 S. E. 117]; *Hayner* v. *State,* 83 Ohio St. 178, [93 N. E. 900]; *State* v. *Miller,* 66 W. Va. 436, [19 Ann. Cas. 604, 66 S. E. 522]; *State* v. *Davis,* 84 S. C. 512, [66 S. E. 875]; *McCollum* v. *McConaughy,* 141 Iowa, 172, [119 N. W. 539]; *State* v. *Lemp Brewing Co.,* 79 Kan. 705, [102 Pac. 504].)

It is contended, however, that this ordinance makes the soliciting of orders or the taking of orders or the making of an agreement or contract for the sale of intoxicants a misdemeanor, without regard to the place of the delivery of the intoxicants, and that such being the case the ordinance is unreasonable and in restraint of trade and therefore void. Such laws and ordinances are upheld when they show a reasonable and therefore valid exercise of the police power. By the cases above cited and by numerous others it has been declared to be a valid exercise of that power to prohibit the soliciting of orders or the making of contracts within a prescribed territory (the state or any one of its lesser political subdivisions) when the intoxicating liquors are to be delivered in such territory. As the justification for a police regulation such as this in any town is the protection of its inhabitants against the injurious effects of indulgence in intoxicants, as the foundation for the ordinance is to remove from those inhabitants the temptation to drink, it follows of necessity that any ordinance devoted to this end must go to the extent of such protection and not further. The incorporated town of Winters in law cannot exercise control over the welfare of those beyond its corporate limits, and touching the liquor traffic its utmost right of control is to prevent soliciting and contracts of sale made within its limits for delivery of intoxicants therein. As a court, between two permissible constructions of a statute, will always give to it that which sustains its validity, so here it will be held that the ordinance applies, and applies only, to the soliciting and contracting for the sale of intoxicants to be delivered within the town limits. But the town of Winters has no

legal right to say that a contract may not be made within its limits for the sale of intoxicants to be delivered without those limits. Such an ordinance would not be a reasonable exercise of the police power and would plainly be in restraint of contract and of trade. In all the cases above cited, and indeed it may be said with safety in every adjudicated case, such laws have been upheld only when the delivery was to be made within the inhibited district. So construing this ordinance, it is equivalent to a declaration that such soliciting and contracting are forbidden to be made within the town of Winters for the delivery of intoxicants therein. If it is said that this is writing into the ordinance something not therein expressed, the answer is that in every case where a statute requires construction this is in effect always done.

The complaint, as has been said, charged in the language of the ordinance. A minor contention is that it charges no offense for that it does not charge that the intoxicants were to be delivered within the town of Winters. We think it, however, sufficient to charge in the language of the ordinance, and the defendant would be completely exonerated by a showing that in fact the delivery was not to be made within the territorial limits of the town.

The writ is therefore discharged and the prisoner remanded.

Angellotti, J., Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.