# CHARLESTON.

## KING v. JORDAN.

Submitted January 16, 1899—Decided  March 25, 1899.

1. EJECTMENT—*Order of Survey.—Error.*

    An order of survey and plat or diagram  are not indispensable to the trial of an ejectment.  It is not error to try it without them. He who wishes such  order  must  ask  it,  and  without  delay. (p. 107,  109).

2. PLAT OF LAND—*Evidence.*

    A  plat or diagram of land or premises,  shown  to be approximately correct,  may be used, on a trial of any kind before a  court or jury, to illustrate and apply the evidence, or,  in  argument,  to show the claim of a party. but is not of itself evidence.  It is only so in connection with the evidence of witnesses.  (p. 108).

3  APPEAL—*Review  on  Appeal—Record.*

    Section 9, chapter 131, Code 1891, does not prohibit the Supreme Court of Appeals from considering a case where the  facts proven on the trial, and not the evidence, are certified.  (p. 110).

Error to Circuit Court, Putnam County.

Action  by  James  W.  King, against  Calvary  Jordan. Judgment for plaintiff.   Defendant  brings error.

*Affirmed.*

W. R. GUNN, for plaintiff in error.

RANKIN WILEY, for defendant in error.

BRANNON, JUDGE:

This is a writ of  error taken  by Calvary Jordan  from a judgment of  the circuit court of Putnam County in an action of  ejectment brought  by James W. King against Jordan.   On the preliminary calling of the docket to ascertain what causes  would  be  tried  at  the  June term, 1897, the

plaintiff announced that he would be ready to try the case, and then the defendant moved the court to enter an order of survey and grant him a continuance, and, to support his motion, filed an affidavit; and, the plaintiff resisting the motion, the court overruled it, and the case was tried by a jury, which found for the plaintiff the premises involved in the action, and the court overruled a motion for a new trial, and gave the plaintiff judgment.

One point involved is upon the action of the court in refusing an order of survey and continuance. The action of the lower court is always presumed to be correct, until error appears. We do not see that the absence of a survey of the land prejudiced the defendant, and, unless it appears that a party is aggrieved by a court's action, he cannot complain. This defendant came into court with an affidavit saying simply that "he is advised by counsel, and believes, that it is necessary for his defense in said action to have an order of survey." Wherein was it necessary? He does not tell us, but gives simply the abstract opinion of his lawyer, and not even his own opinion based on a knowledge of the land and its lines. He does not tell us what he wanted to show by a survey, or what claims as to lines, water courses, or relative locations he wanted to illustrate or represent by a survey and plat thereof. He requires us, as he did the circuit court, to say that in every trial of an action of ejectment, and as well in other suits involving title and possession to real estate, a survey and plat representing it are indispensable. This we cannot say. Such survey and plat are generally used, and are valuable, in the trial of land suits; but they are not indispensable, and often of very little value. The case of *Campbell* v. *Hughes,* 12 W. Va. 183, clearly shows that such trial may be had without such survey or plat. There is very little law upon the function performed by, or the use of, diagrams or plats in land trials, to be found in the decisions of this State or Virginia; and, as they are so commonly used, it may not be remiss to refer to the law of this State. Where a murder or other occurrence is the subject of a trial, an understanding of the premises where it occurred conduces to a clearer understanding of the evidence. In many cases some de-

scription of the premises is indispensable. So, in land controversies, where the location or identity of a tract is in question, or the relative location of two tracts of land, or the invasion or impingement of one upon the other, or the boundary lines of coterminous owners are in question, some description of the premises is very important in the trial. Because of this necessity, in some instances the jury is taken to the premises to view them; but as this is expensive, or impracticable, or productive of delay, the law, as the next best thing, allows what we call "plats" or "diagrams" to be used on the trial, to represent the premises, and the relative points, lines, or other features of the premises, called the "*locus in quo*," of the transaction or controversy. This is necessary, because the premises cannot be brought into court. Whart. Ev. § 677. Witnesses cannot convey to the court and jury a clear understanding, in such cases, without a view of the premises, or some diagram by which to illustrate and apply their evidence. Hence, from very necessity of the case, it has been the practice for parties to procure plans or maps of such localities to be made by persons having more or less skill in such work, showing the relative positions of the lines, objects, etc., upon which they relied, and, when verified by the person making it as correctly made, to be allowed to be exhibited to the jury ,and used in evidence in connection with the evidence of the person making it, and all the evidence in the case relative to the various objects shown upon it. "Plans and diagrams of premises which are the scenes of transactions under investigation may be referred to by witnesses, and exhibited to a jury, for the purpose of explaining their testimony, and rendering it more intelligible. They are often formally admitted in evidence, and are proper for the consideration of the jury, so far as they are shown to be correct, not as independent testimony, but, in connection with other evidence, to enable the jury to understand and apply such evidence." *State* v. *Lawlor*, 28 Minn. 216, (9 N. W. 698). "In testifying as to a disputed boundary line, a surveyor may use a diagram to illustrate his evidence or make it intelligible to a jury, though the diagram was not made by himself, and is not shown to contain a perfectly accu-

rate description of the lines.   A witness may as well speak by a diagram or linear description when the thing may be so described, as by words.   It is a common and useful way of pointing out localities and lines." 1 Thomp. Trials, § 870; *Hoey* v. *Furman*, 1 Pa. St. 295.   This is made clear by *Wood* v. *Willard*, 36 Vt. 82.   "Allowing a witness to use a map, not verified by oath, to point out to the jury, of his own knowledge, the location of a way, is in the discretion of the judge, and affords no grounds of exception."   *Com.* v. *Inhabitants of Holliston*, 107 Mass. 232. "It seems to be a sound concession that it is the right of a party, in arguing to a jury, to use a map or plan, which is not strictly evidence in the case, for the purpose of illustrating his argument, and explaining to the jury the position which he assumes, just as the teacher makes use of the figures on the blackboard for illustration." 1 Thomp. Trials, § 992; *Hale* v. *Rich*, 48 Vt. 217.   As the question whether a diagram represents truly is a jury question, I do not see that it is necessary to prove it correct; but the cases seem to show that it must be proven to be a correct representation, or approximately so.   With us it is usual to have a court order for a survey, which is executed by the county surveyor; but this is not necessarily so, as any plat may be used, if proven to be correct.   The authorities show, however, that such a plat is not of itself evidence, independent of the witnesses relating to it.   It only serves the purpose of illustrating and applying their evidence.   After writing the above, I see that *Poling* v. *Railroad Co.*, 38 W. Va. 645, 657, (18 S. E. 782), supports this view, and that *Bell's Heirs* v. *Snyder*, 10 Grat, 350, holds that a plat is not evidence; nor the report of the surveyor. The syllabus in *Harrison* v. *Middleton*, 11 Grat. 527, states that the plat is evidence, but the opinion is not to be so construed.   From these principles it follows that the holding in *Campbell* v. *Hughes*, *supra*, that ejectment may be tried without such plat, is sound, and that the complaint of Jordan in this case that the trial went on without an order of survey cannot be sustained.   Another reason why it cannot be sustained is that on 26th September, 1895, Jordan pleaded not guilty, and issue was joined, and he did not ask such order of survey then, nor at any term there-

after, until June term, 1897, and then only when the case was called for trial. If his defense needed it, why did he not call for it when he pleased, or, at any rate, long before he did so? This omission implies that the motion was only for delay, not because the survey was essential,—especially as his affidavit does not indicate wherein it was essential.

Next, as to the motion for a new trial. Counsel for Jordan says we cannot consider this, because the bill of exceptions states the facts proven by the oral evidence, instead of the evidence as required by section 9, chapter 131, Code 1891. As shown in *Johnson* v. *Burns*, 39 W. Va. 658, (20 S. E. 686), until that act the law required just the reverse,—that is, that the facts should be certified, not the evidence; but, as before the act, where the evidence was certified that would not preclude a consideration of the case in the Supreme Court, so now, where the facts, and not the evidence, are certified, this will not prevent the consideration of the case. The statute is directory, and not to be construed to abolish the old rule so far as to make utterly inoperative and void a certificate of the facts according to the law prior to that statute. Judgment affirmed.

*Affirmed.*