# CHARLESTON.

Bailey Lumber Co. *v.* Ward, *Judge.*

(No. 6743.)

Submitted April 8, 1930.   Decided April 15, 1930.

56

*Arthur F. Kingdon*, for relator.

*Williams & Riffe, Carl C. Sanders*, and *File, Goldsmith & Scherer*, for respondent.

MAXWELL, JUDGE:

This is a mandamus proceeding to require the Honorable Columbus M. Ward, judge of the Circuit Court of Raleigh County, W. Va., to settle and sign a proper bill of exceptions setting forth the facts proved at the trial before the said judge in lieu of a jury of the action at law of Bailey Lumber Company, a corporation, against C. O. Dunn, in which action the plaintiff did not recover the full amount to which it deemed that it was entitled, and therefore desires to prosecute in this court a writ of error to the judgment of the trial court.

In his answer to the alternative writ of mandamus the respondent says that the certificates of fact which were presented to the respondent by counsel for Bailey Lumber Company for the signature of respondent in order to make the said certificates, or one of them, a bill of exceptions, do not fairly state the truth of the case; that respondent was not required by law to prepare and certify the evidence, but that it was the duty of the relator, in good faith, to prepare and present to respondent the evidence given upon the trial of the case, and not having done so, respondent was not required by law to settle and sign a bill of exceptions; that the law required respondent to certify all of the evidence introduced upon the trial and that respondent was ready and willing to sign same when presented. The evidence was not taken down by a shorthand reporter at the trial, and there is, consequently, no transcript thereof.

While it is the usual procedure in these later days for the evidence to be taken in shorthand at the trials of important actions so that for the purpose of appellate proceedings there may be a full transcript of the whole evidence, such course is

not indispensable. And even though the evidence may be taken in shorthand, adventitious circumstances may easily arise in which it will not be possible to have the notes transcribed, as for example, where the reporter becomes ill or dies, or, as happened in the case of *Freeman* v. *Traction Company*, 98 W. Va. 311, 128 S. E. 129, in the trial of which action the writer of this opinion presided as trial judge, the shorthand notes became lost after the trial had been concluded. In all such circumstances, or in a case where no shorthand notes are taken, a statement of the facts presented by the evidence will ordinarily suffice for appellate proceedings on questions involving the evidence. The provision of section 9, Chapter 131 of the Code, that, "if the action or opinion of the court be upon any question involving the evidence or any part thereof, either upon a motion for a new trial or otherwise, the court shall certify all the evidence touching such question, and the judge shall sign any such bill of exceptions (if the truth of the case be fairly stated therein), and it shall be made a part of the record in the case, * * * ", is directory and not mandatory. It is not conclusive of the former procedure of certification of the facts proved. *Johnson* v. *Burns*, 39 W. Va. 658, 20 S. E. 686; *King* v. *Jordan*, 46 W. Va. 106, 32 S. E. 1022.

A trial judge is not relieved from the duty of settling and signing a bill of exceptions correctly setting forth the facts proved on the trial merely because the statement of facts prepared by counsel for the aggrieved party does not fairly state the facts of the case. "Where a bill of exceptions is tendered, which does not fairly state the truth of the case, it is the duty of the court with the aid of the counsel to settle the bill, and when it is settled, to sign it; and if the court refuses to do this, mandamus will lie to compel it to do so." *Potett* v. *County Commissioners*, 30 W. Va. 58, 3 S. E. 97. In the opinion in the *Poteet* case, there is a quotation at length from the Virginia case of *Page* v. *Clopton*, 30 Grat. 427, wherein it is said: "Originally it was supposed, that the judge was bound only to sign the bills when a true case was presented to him, and when there was any objection to it, that he was not to aid in

its correction, and might therefore refuse to sign it. But the practice for a long time has been otherwise.'' In the case of *Cummings* v. *Armstrong, Judge*, 34 W. Va. 1, 11 S. E. 742, this court held that, although the trial judge has sole power of determining whether a bill of exceptions tendered to him is true or not, and that his return to an alternative writ of mandamus is conclusive on that point and cannot be traversed, it is nevertheless necessary for the judge to settle and sign a proper bill which he must certify as containing the facts of the case.

The trial of the action of *Bailey Lumber Company* v. *Dunn*, having been had before the judge of the court in lieu of a jury, it was not necessary for the purpose of perfecting a writ of error that the complaining party should except to the adverse rulings and findings of the judge. *Board* v. *Parsons*, 24 W. Va. 551; *State* v. *Miller*, 26 W. Va. 106. In the *Miller Case*, this court said: ''It is sufficient, if the facts appear upon the record by certificate of the court or otherwise. In such case this court will inspect the record and either affirm or reverse the judgment, as the law requires. It seems to be a useless formality to except to the judgment of a court in such a case. An exception might as well be taken to a decree in chancery.''

The order rendering judgment in favor of *Bailey Lumber Company* v. *Dunn*, was approved by counsel for both parties, and contains a recital that, ''the object of this action having been accomplished, it is ordered omitted from the docket.'' It is said on behalf of respondent that this recital ''is a waiver of any and all alleged errors committed during the trial of the case and is a voluntary abandonment of any right the relator may have had to prosecute a writ of error from such judgment to this Court.'' We cannot reach that conclusion. In the first place, the approval of counsel to the order must be deemed to have extended to the form of the order merely and not to the substance thereof. It did not purport to be an agreed order on the merits. And in the second place, the omission of the case from further appearance on the docket of the trial court would apply to the proceedings in that court only, and could not possibly have any bearing upon the plaintiff's constitutional right to apply to this court for a writ of error.

For reasons aforesaid a peremptory writ of mandamus will issue requiring the respondent to sign such proper bill of exceptions as may be promptly submitted to him by counsel for the relator, or, with the assistance of counsel, to prepare, settle and sign a bill of exceptions correctly setting forth the facts proved at the said trial.

*Writ awarded.*