W. D. AULT *v.* HONORABLE J. J. P. O'BRIEN, *Judge, etc.*

(No. 9027)

Submitted October 25, 1939. Decided December 12, 1939.

*Erskine, Palmer & Curl,* for relator.
*Riley & Riley,* for respondent.

KENNA, JUDGE:

This original proceeding in mandamus was brought for the purpose of requiring the Honorable J. J. P. O'Brien, Judge of the Circuit Court of Ohio County, to settle a bill of exceptions prepared in narrative form and not including a typewritten transcript of any part of the testimony taken in an action for personal injury, which was instituted by the petitioner against L. S. Good & Company and resulted in a verdict for the defendant. The defendant company filed written objections to the signing of the bill, the trial judge declined to certify and rejected a tendered order reciting that the plaintiff had requested counsel for the defendant to call attention to any omissions or inaccuracies in the proffered bill, which they had declined to do because of the lapse of time since the trial of the case. The record indicates that the judge believed that a transcript of the entire testimony was the only satisfactory method by which a bill could be prepared.

The memorandum filed by the attorneys for respondent refers to Code, 56-6-35, as the statute governing the procurement of bills of exception at the present time, and seems to contend that it requires the court to certify all of the evidence. The memorandum goes on to cite the cases of *Poteet* v. *County Commissioners of Cabell County,* 30 W. Va. 58, 3 S. E. 97, handed down before the enactment of Code, 56-6-35, and *Plate* v. *Durst,* 42 W. Va. 63, 24 S. E. 580, 32 L. R. A. 404, and quotes from the latter

case as requiring a transcript of the whole evidence and stating that to construe the statute strictly is to be commended although it may add to the cost of litigation, and that the legislature, and not the court, should provide the remedy.

Both the memorandum for the petitioner and that for the respondent refer to the case of *Bailey Lumber Co.* v. *Ward, Judge,* (1930) 109 W. Va. 55, 152 S. E. 862, and both memorandums concede that the effect of that opinion is to construe the statutory provision (Code, 56-6-35) that all the evidence touching the question sought to be reviewed be certified upon a bill of exceptions, as directory and not mandatory, and that in the event circumstances arise such as destruction of the steriographer's notes, etc., which make it impossible to prepare a complete transcript, a narrative statement will suffice.

The memorandum filed by the petitioner cites the cases of *Cummings* v. *Armstrong, Judge,* 34 W. Va. 1, 11 S. E. 742; *King* v. *Jordan,* 46 W. Va. 106, 32 S. E. 1022, and several others, including the *Bailey Lumber Co.* case. The *Jordan* case placed a construction upon the then statute which, without mentioning the *Plate* case, regarded the provisions as directory and not mandatory, and as not requiring all the evidence to be certified, but that certifying "the facts", as was done before the enactment of the statute, still remained sufficient. The two opinions were based upon the same section of the Code.

The manner of preparing, certifying and presenting bills of exception is, without question, to be classified as procedure. When the revised Code of 1931 was adopted, Code, 51-1-4, conferring upon this Court the power to promulgate rules of pleading, practice and procedure governing all courts of record in this State, was included. The power then conferred was subject to existing statutes. However, that section, when amended and re-enacted in 1935 (Acts 1935, ch. 37), contained a provision which classifies existing statutes relating to pleading, practice and procedure as rules of this Court and provides further that they shall remain in effect unless and until

modified, suspended or annulled by a rule promulgated under the section referred to. This Court has adopted no rule relating to bills of exception since the nineteen thirty-five amendment.

Under the 1931 Code, this Court, in 1934, adopted "Rules of Practice (114 W. Va. lxvii) to be followed here, and in section 1 of Rule I, will be found the following: "It is the office of a bill of exceptions to point out errors committed by the court during the progress of the trial. The bill or bills should contain only a concise statement of the facts necessary to present the points intended to be relied on as grounds of error, or only so much of the evidence as may appear necessary to present fairly the rulings of the court to which exceptions are taken. No bill of exceptions should contain matter irrelevant or unnecessary to the presentation of the question intended to be raised." The assumption being that this Court at the time of promulgating the foregoing rule was aware of its own holdings and of existing statutory requirements as well, it is to be accepted as violating neither, and as being based upon this Court's interpretation of both as they existed at the time the rule was promulgated. This, of course, is inclusive of the implied overruling of the holding in the *Plate* case by that of the *Jordan* case, decided a number of years later.

In the light of the foregoing comment concerning the rule promulgated by this Court, we are of the opinion that the peremptory writ should be awarded, but in doing so we wish to make the following observations:

By reference to the opinion of the trial judge made a part of the record, it appears that the bill of exceptions was presented nearly five months after the conclusion of the trial, and that certification of that particular bill of exceptions was objected to by the defendant because (1) the paper simply purports to be a condensed narrative statement of the evidence; (2) the questions involve conflicting evidence and such evidence is not contained in the tendered paper; and (3) the truth of the case is not fairly stated in the paper. The reason for de-

clining to sign the bill tendered is stated by the trial judge as follows: "Counsel for the respective parties cannot agree as to what the evidence in the case, on the questions involved, was; and the court is unable to supply it. The only way it can be satisfactorily supplied is by a transcript of the reporter's shorthand notes." An examination of the tendered bill of exceptions, we think, fully justifies the trial judge's refusal to certify that particular bill. It embodies a narrative statement in detail of the testimony of each of the witnesses produced which, together with three rather lengthy instructions, occupies eighteen pages of typewritten matter, and includes reports of several medical examinations of plaintiff, giving his blood count, temperature and weight. It contains many repetitious statements of what seem to be uncontroverted facts.. It seems obvious that the unaided memory of no one person, including the draftsman, should be called upon to assure its correctness.

Our method of practice is based upon the assumption that a trial judge will often be asked to certify a bill of exceptions containing redundant and incorrect statements. An attorney usually is partial to the contentions of his client, and in recognition of the unprejudiced position of the trial judge, he is required to "settle" the correctness or incorrectness of statements contained in a bill of exceptions as first presented to him. For the purpose of refreshing his memory, he may resort to every available source of dependable information, outstanding examples being the attorneys on both sides, the court reporter, or any person whose duties required him to be present when the occurrence described in the bill took place. It is not expected that the attorneys in the case should either singly draft or agree upon an acceptable bill of exceptions, and with the realization that the trial judge has well nigh arbitrary control over what he will and will not certify, and to a large extent may dictate the time of its presentation, he is charged with the responsibility of settling the bill. Settling a bill of exceptions involves the

rights of litigants, and goes beyond even a justified absence of over-indulgence toward the attorneys concerned.

A transcript of all the evidence is not essential in this state in order to require certification of a bill of exceptions, and, in truth, a transcript of evidence dealing with uncontroverted facts should not be included in a bill of exceptions, but a statement of fact should be briefly made. The likely expenditure should be considered. Since the enactment of Code, 56-6-35, evidence which involves controverted facts may be included. This may be done in narrative form if attorneys on both sides are satisfied with the narrative statement. Otherwise, in a case reported by the court reporter, a transcript of the evidence touching upon the points involved should be included in a bill of exceptions. If, due to an adventitious circumstance, or to the lack of a court reporter, a typewritten transcript should not be available to cover the controverted matters of fact, the trial judge, with the available assistance, should supervise the preparation by the attorney representing the applicant of a correct narrative statement. If all reasonably available means of recalling the facts have been utilized without success, that state of affairs should be certified so far, and so far only, as it applies. The trial judge, we believe, should be vested with a broad discretion of protecting the interest of an impecunious litigant, and we have no doubt that in an effort to do so, he would receive the unselfish and hearty cooperation of those persons who could assist him.

As stated, we are of the opinion that the peremptory writ requiring the trial judge to proceed and to settle the bill of exceptions under and in accord with his discretion should be awarded.

*Writ awarded.*