STATE OF WEST VIRGINIA

*v.*

ROBERT L. VARNER

(No. 9990)

Submitted April 6, 1948. Decided May 25, 1948.

*Kelcel M. Ross,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *J. Chandler Curd,* Assistant Attorney General, for defendant in error.

Fox, Judge:

Robert L. Varner, who prosecutes this writ of error, was indicted in the Circuit Court of Upshur County on April 15, 1947. The indictment charged him with burglary, and contains two counts. The first count charged him with feloniously and burglariously breaking and entering a certain store house belonging to Nelle Smith; the second count charged him with feloniously and burglariously entering said premises without breaking. Each count charged the defendant with the theft of certain goods and chattels, the property of the said Nelle Smith. On April 16, 1947, and at the regular April Term of said court, defendant demurred to said indictment, and moved to quash same, on the following grounds: (1) that the indictment containing two counts each count alleged a separate, distinct offense; (2) that each count alleged and charged the defendant with both the crime of burglary, punishable as for a felony, and with petit larceny, punishable as for a misdemeanor; and (3) that the indictment was insufficient for the reason that the time of the commission of the offenses was not properly alleged. The demurrer was overruled and the case set for trial. On the trial the defendant was arraigned, entered his plea of not guilty, and a jury was impaneled. Before any evidence was presented, defendant moved the court to require the State to elect on which count of the indictment the State would rely for conviction, which motion was overruled. The evidence having been heard and the jury instructed, the jury re-

turned a verdict of guilty as charged in the second count of the indictment, and not guilty as to the offense charged in the first count thereof. A motion to set aside the verdict and grant a new trial was overruled. On April 28, 1947, and after the judgment had been entered on the verdict, which was that of confinement in the penitentiary for a term of from one to ten years, with the recommendation that the period of confinement be for one year, the defendant "then moved the court for a stay of ninety days to· allow the said defendant, Robert L. Varner, to apply to the Supreme Court of Appeals of this State for a writ of error in said case, which motion the court sustained in part, and the said Robert L. Varner is given a stay of sixty days in which to apply for said writ of error and in which to make up the record in said cause". Later, on June 27, 1947, an order was entered granting the defendant an additional stay and extension of forty-five days in which "to make preparation for application to the Supreme Court of Appeals for a writ of error and within which to have the record made up and a transcript of the evidence and proceedings taken and had at the trial in this case". On July 23, 1947, the defendant procured the signing of bills of exception, and on September 8, 1947 we granted this writ of error and supersedeas to the judgment aforesaid, entered on April 28, 1947.

From the foregoing it will be apparent that the bills of exception, being signed on July 23, 1947, were not signed within the sixty days provided by statute for the signing thereof, it appearing from the record before the Court that the April, 1947 term, of the Circuit Court of Upshur County, at which the judgment aforesaid was entered, was finally adjourned on the 8th day of May, 1947.

The errors assigned by the defendant are: (1) that the court erred in overruling the defendant's motion to postpone said trial and for continuance thereof; (2) the admission, over defendant's objection, of certain alleged incompetent, improper and irrelevant evidence; (3) overruling of defendant's demurrer to the indictment and his motion to quash the same; (4) the giving, over the de-

fendant's objection, of State's Instructions Nos. 3, 4, 7, 11, 12, 14, 15 and 17; (5) the refusal of the court to set aside the verdict, and in not arresting judgment on the verdict on the grounds aforesaid; (6) the refusal of the court to set aside the verdict because it was contrary to the law and the evidence.

Certain of the errors assigned require consideration of the evidence taken on the trial. The State has appeared on the hearing on this writ of error, and filed its written motion that the writ of error herein be dismissed as improvidently awarded, on the ground that the bills of exception were not signed by the trial court until July 23, 1947, more than sixty days after the adjournment of the term at which the final judgment of the court was entered, there being no extension of the statutory period provided by Code, 56-6-35, 36, within which bills of exception, or, in lieu thereof, certificate embodying the evidence taken could be signed by the trial court. In this situation, it becomes necessary to determine whether or not the evidence taken at the trial is a part of the record before us.

This question was disposed of by this Court in the case of *State* v. *Consumers' Gas & Oil Company,* 130 W. Va. 755, 45 S. E. (2d) 923. That was a civil case, but there would seem to be no reason why the ruling therein should not be applied in criminal cases. There the trial court, upon the motion of an aggrieved litigant, entered an order by which the execution of a judgment was stayed, which order granted such stay, "in order that petitioner (litigant) may perfect its appeal". This order was construed as not extending the time within which the litigant might secure the signing of bills of exception, or in lieu thereof, a certificate of the evidence under the provisions of Code, 56-6-35, 36. In the case at bar, and on the date sentence was imposed on the defendant, the judgment of the court was stayed for a period of sixty days to permit the defendant "to apply for said writ of error, and in which to make up the record in said cause". However, on June 27, 1947, and within sixty days from the date the April Term, 1947, of

the Circuit Court of Upshur County was finally adjourned, the defendant procured a further stay of forty-five days "in which to make preparation for application to the Supreme Court of Appeals for a writ of error and within which to have the record made up and a transcript of the evidence and proceedings taken and had at the trial in this case." The language employed closely approximates the situation presented in the case of *State* v. *Wooldridge,* 129 W. Va. 448, 40 S. E. (2d) 899; but, a study of that case will disclose that the record therein, as it was made up at the time judgment was entered, was not considered sufficient to warrant the holding that there had been an extension of time in which bills of exception, or in lieu thereof, a certificate, might be obtained. The holding in that case was based upon the entry of a *nunc pro tunc* order, based on certain occurrences in the nature of a colloquy between court and counsel, and the notes taken by the court reporter, which, in the opinion of the majority of this Court, justified the entry of such order, which gave effect to the signing of the bills of exception in that case. As stressed in *State* v. *Consumers' Gas & Oil Company, supra,* the stay of a judgment, and the extension of time within which bills of exception, or in lieu thereof, a certificate incorporating the evidence, may be signed, are separate and distinct proceedings, and we have laid down a rule with respect thereto from which we do not deem it wise to depart. In our opinion, the granting of an additional stay of execution of judgment, on June 27, 1947, did not operate to grant an extension of time within which the defendant could prepare bills of exception, or in lieu thereof, a certificate incorporating the evidence. We hold, therefore, that the evidence did not become a part of the record. It follows that we can not consider the evidence on this writ of error.

The instructions are before the Court, and a part of the record because under Code, 56-6-20, they become part of the record without the aid of bills of exception or certificate. We see no error in the giving of State's Instructions Nos. 3, 4, 7, 14, 15 and 17. We can not consider State's

Instructions Nos. 11 and 12. Whether or not they should have been given depends upon the evidence in the case. In effect, they are based upon the assumption, as contended for by the State, that the defendant was present, aiding and abetting in a burglary allegedly committed by other persons, in participating in the offense alleged against the defendant, and if there was appreciable evidence that he was so present, aiding and abetting, we think the instructions were permissible. If there was no such evidence then the correctness of giving the same might be doubtful. But, as stated above, we can not determine this without consideration of the evidence, and the evidence, not being a part of the record, can not be resorted to.

There is nothing in the record showing any grounds for a postponement or continuance of the trial to a future term, therefore, the first assignment of error is without merit. The point raised in the demurrer and motion to quash that the indictment is indefinite as to the time when the alleged offense was committed is, likewise, without merit. In both counts of the indictment the offense is alleged to have been committed in the year 1946 "within one year next preceding the date of the finding of this indictment" and the indictment was returned on April 15, 1947. This was sufficiently definite.

The remaining question is that raised by the trial court's overruling of the demurrer to the indictment and the motion to quash the same. Under Code, 61-3-12, "An indictment for burglary may contain one or more counts for breaking and entering, or for entering without breaking, the house or building mentioned in the count for burglary under the provisions of this and the preceding section". In *State* v. *Flanagan,* 48 W. Va. 115, 35 S. E. 862, it was held that an indictment alleging both burglary and larceny in the same count may join such count with another for entering without breaking. In *State* v. *Cutlip,* 131 W. Va. 141, 46 S. E. (2d) 454, we held that: "An indictment charging, in separate counts, different offenses of the same general character, manifestly for the purpose

of meeting the different phases of the evidence, should not be quashed for misjoinder of offenses, nor should the prosecutor be required to elect on which count he will proceed to trial"; and, "An indictment may allege burglary and larceny in the same count, and likewise may join charges of breaking and entering and larceny in the same count". These holdings would seem to determine not only the question of the sufficiency of the indictment, but, as well, the question raised as to the right of the defendant to require the State to elect on which count of the indictment it would rely for conviction.

On the whole, we see no error on the record we are permitted to consider, and the judgment of the Circuit Court of Upshur County is affirmed.

*Affirmed.*