State of West Virginia

*v.*

Victor Turner

(No. 10446)

Submitted April 16, 1952. Decided April 29, 1952.

Fox, JUDGE, not participating.

*Samuel D. Littlepage, Wm. S. Ryan,* for plaintiff in error.

*Chauncey Browning,* Attorney General, *T. D. Kauffelt,* Assistant Attorney General, *J. G. F. Johnson,* for defendant in error.

GIVEN, JUDGE:

Defendant was convicted before a jury in the Circuit Court of Mason County upon an indictment charging him with having, "while armed with a pistol, gun and other dangerous and deadly weapons, without a license to carry the same, exposed and brandished a pistol, gun and other dangerous and deadly weapons and pointed and aimed the same at Garland Stover and other people then and there in a public place, commonly known as the Rathskeller Beer Garden, in a way and manner to cause and threaten a breach of the peace, against the peace and dignity of the State." The court overruled defendant's motion to set aside the verdict of the jury and grant him a new trial and sentenced defendant to pay a fine of $50.00 and to serve sixty days in the county jail of Mason County.

Two points of error are assigned and briefed. The first relates to the action of the trial court in refusing to give unto the jury certain instructions offered by the defend-

ant. We can not, however, consider the action of the trial court in refusing to give the instructions, for the reason that the evidence produced at the time of the trial was not included in a certificate or bill of exceptions, and is not before the Court. This Court has consistently held that it can not consider any asisignment of error, where an answer to the question posed necessarily depends upon a consideration of the evidence, and the evidence is not before the Court. In the very early case of *Shepherd* v. *McQuilkin,* 2 W. Va. 90, this Court held, Point 3, syllabus: "It must be presumed that the court below acted correctly in refusing instructions to the jury, unless it appear by facts or testimony incorporated in the bill of exceptions, that the instructions were relevant or irrelevant to the cause." See *State* v. *Wooldridge,* 129 W. Va. 448, 40 S. E. 2d 899; *State* v. *Varner,* 131 W. Va. 459, 48 S. E. 2d 171; *State* v. *Jones,* 128 W. Va. 496, 37 S. E. 2d 103; *Lumber Co.* v. *Ward,* 109 W. Va. 55, 152 S. E. 862.

Defendant contends that a bill of exceptions was tendered unto the trial judge and that the trial judge refused to sign the same. The record does show that a purported bill of exceptions was so presented and that the trial judge "inspected said purported bill of exceptions and having considered the objections of the Prosecuting Attorney thereto, finds that the said Certificate of Evidence is not the record of the trial and is not the transcript of the proceedings had and taken therein and now refuses to sign said bill of exceptions as a true record of said trial. * * *". It also appears that the defendant did not request that the evidence produced at the trial be reported. After the refusal of the trial court to sign the purported bill of exceptions no further motion or effort was made to have the bill of exceptions settled. Code, 56-6-35, requires a trial judge to sign a bill of exceptions presented to him only "if the truth of the case be fairly stated therein * * *." The refusal of the trial court to sign such a bill of exceptions, however, does not terminate his duties with reference thereto, for when timely requested he must settle the bill of exceptions.

The procedure prevailing in this jurisdiction with reference to the manner of preparing, settling and certifying bills of exceptions is clearly and thoroughly discussed in *Ault* v. *O'Brien,* 121 W. Va. 705, 6 S. E. 2d 228. At page 709 of the West Virginia Report the Court stated:

"Our method of practice is based upon the assumption that a trial judge will often be asked to certify a bill of exceptions containing redundant and incorrect statements. An attorney usually is partial to the contentions of his client, and in recognition of the unprejudiced position of the trial judge, he is required to 'settle' the correctness or incorrectness of statements contained in a bill of exceptions as first presented to him. * * *.

"A transcript of all the evidence is not essential in this state in order to require certification of a bill of exceptions, and, in truth, a transcript of evidence dealing with uncontroverted facts should not be included in a bill of exceptions, but a statement of fact should be briefly made. The likely expenditure should be considered. Since the enactment of Code, 56-6-35, evidence which involves controverted facts may be included. This may be done in narrative form if attorneys on both sides are satisfied with the narrative statement. Otherwise, in a case reported by the court reporter, a transcript of the evidence touching upon the points involved should be included in a bill of exceptions. If, due to an adventitious circumstance, or to the lack of a court reporter, a typewritten transcript should not be available to cover the controverted matters of fact, the trial judge, with the available assistance, should supervise the preparation by the attorney representing the applicant of a correct narrative statement. If all reasonably available means of recalling the facts have been utilized without success, that state of affairs should be certified so far, and so far only, as it applies. The trial judge, we believe, should be vested with a broad discretion of protecting the interest of an impecunious litigant, and we have no doubt that in an effort to do so, he would receive the unselfish and hearty cooperation of those persons who could assist him."

The other assignment of error relates to the validity of the indictment and is based upon the absence therefrom of the word "unlawful". Code, 61-7-10, under which the indictment is drawn, reads: "It shall be unlawful for any person armed with a pistol, gun, or other dangerous or deadly weapon, whether licensed to carry the same or not, to carry, expose, brandish, or use such weapon in a way or manner to cause, or threaten, a breach of the peace. Any person violating this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than fifty nor more than three hundred dollars, or imprisoned in the county jail not less than thirty nor more than ninety days, or both fined and imprisoned, in the discretion of the court."

As will be noticed from a reading of the statute, the word "unlawful" is used in the creation of the offense but not in describing or in stating the elements or acts constituting the offense. The accused must, of course, be "fully and plainly informed of the character and cause of the accusation * * *". State Constitution, Article III, Section 14. The indictment in the instant case clearly informs the defendant of the charge against him. See *State* v. *Wohlmouth,* 78 W. Va. 404, 89 S. E. 7; 9 M. J. Section 20.

The indictment quoted above follows very closely the language used in the statute to describe the offense. In *State* v. *Johnson,* 62 W. Va. 154, 57 S. E. 371, 58 S. E. 1025, 11 L. R. A. (N.S.) 872, the indictment was for selling liquor without a license in violation of a statute, and did not contain the word "unlawful". Statutes in effect at that time permitted sale of intoxicating liquors under certain circumstances without a license. In the opinion in the *Johnson* case the Court stated: "Fault is found with the indictment because it leaves out the word 'unlawfully.' The word is not necessary. The Code, chapter 32, section 1, does not contain this word. It simply declares that no person without a state license shall sell liquor. The indictment charges that Johnson did sell without license. That being so the offense is complete, because that *per se* necessarily says the act was unlawful. It is sufficient in drafting indict-

ments under statutes, *specially* statutory offences, to follow the language of the statute. *State* v. *Pennington*, 41 W. Va. 599. This has been decided again and again, and it seems unnecessary to repeat it. If the facts charged do, in law, make up an offence, the use of the word in the indictment is unnecessary. 1 Bishop's Criminal Procedure, section 503; Heard's Criminal Procedure, 159." See *State* v. *McCoy*, 122 W. Va. 54, 7 S. E. 2d 89; *State* v. *Matthews*, 117 W. Va. 97, 184 S. E. 665; *State* v. *Constable*, 90 W. Va. 515, 112 S. E. 410; *State* v. *Pennington*, 41 W. Va. 599, 23 S. E. 918; *Poteet* v. *County Commissioners*, 30 W. Va. 58, 3 S. E. 97.

We have not overlooked the contention of defendant to the effect that since the acts of which he is charged could have been lawfully committed, in self defense for example, the indictment would necessarily have to show that the acts were committed unlawfully. We think, however, the rule followed in the cases cited above, especially the *Johnson* case, clearly applies here.

In applying these principles to the case at bar we must necessarily hold that there is no prejudicial error shown, and that the judgment of the circuit court must be affirmed.

*Affirmed.*