HENRY SHEPHERD *et al. vs.* ABRAHAM R. MCQUILKIN.

January Term, 1867.

1. If a party be present at the time goods are taken, participating, aiding and assisting in the taking, or countenancing and encouraging those who took them, or taking and receiving the goods, he is liable in an action of trespass for the value of all the goods then taken.

2. The jury may allow interest on the sum found by the verdict, and fix the period at which it shall commence; therefore, it is not error for a circuit court to instruct the jury that the defendant is liable, if at all, for the value of the property taken, with interest on that value from the time it was taken.

3. It must be presumed that the court below acted correctly in refusing instructions to the jury, unless it appear by facts or testimony incorporated in the bill of exceptions, that the instructions were relevent or irrelevent to the cause.

This was an action of trespass instituted in the circuit court of *Berkeley* county, for breaking into the store of the Plaintiff, *Abraham R. McQuilkin*, in *Berkeley* county, and seizing, taking and carrying away, and disposing of and converting to their own use, certain goods and chattels of the plaintiff, by the defendants *Henry Shepherd, sen'r, John Shepherd, James A. Osborne* and *James W. Glenn*. At the April Term 1866, the defendants appeared and pleaded not guilty, and a jury was sworn to try the issue. The jury returned a verdict of guilty against all the defendants except *Glenn*, and assessed the plaintiff's damages against the defendants *Henry Shepherd, John Shepherd*, and *James A. Osborne*, at 500 dollars. with interest thereon from the 10th of September, 1861, upon which judgment was rendered.

---

* See page 1.

On the trial the plaintiff moved the court to instruct the jury, after he had offered evidence tending to prove that on the 10th day of September, 1861, the property in the plaintiff's declaration, or some part thereof, was taken by Colonel Ashby's regiment of rebel cavalry; that defendants *Henry Shepherd* and *John Shepherd* were not in the military service of the rebel authorities, but were private citizens residing in the neighborhood; were present at the time and place when and where said goods were taken, and that defendant *Henry Shepherd*, received from his son *Abraham Shepherd*, who was a soldier engaged in taking the plaintiff's goods, an umbrella, and several other small articles which he put in his pocket, knowing the umbrella to be a part of the goods then and there taken from the plaintiff; that the defendant *John Shepherd* took or received from the soldiers one or more straw hats, which he took away with him, knowing them to have been taken from the plaintiff; and therefore, the plaintiff requested the court to charge the jury, that if the jury found from the evidence that the trespasses in the declaration charged were committed at a single time and place; that the defendants, or any of them, participated therein, or aided, assisted, countenanced or encouraged such taking; or at the time and place of said taking, took or received and appropriated any part thereof, knowing the same to have been then and there taken from the plaintiff against his will; the defendants so participating, aiding, assisting, countenancing, encouraging, taking, receiving, &c., were liable to the plaintiff for the value of all the plaintiff's goods so then and there taken, with interest thereon from that date. The court gave the foregoing instructions as asked for, and the defendants excepted.

The defendant *Henry Shepherd*, moved the court to instruct the jury: "That the plaintiff having introduced evidence tending to prove that the seizure and carrying away of the plaintiff's goods complained of in his declaration was done by a body of rebel cavalry, acting under the orders of Colonel Ashby, and that the defendant *Henry Shepherd*, a private citizen residing in the neighborhood, but no wise connected

with the same, was at the village of *Hardscrabble*, the scene
of the trespass, a portion of the time, during which time
the said trespass was being committed, and that he by his
presence and acts, had countenanced and encouraged said
trespass—the court instructs the jury, that if from the evi-
dence before them, they believe that the defendant *Henry
Shepherd,* was ignorant of all design or purpose upon the
part of the rebel forces to seize and carry away the property
of the plaintiff when they passed his house, that he left his
home for the scene of the trespass, with no design or pur-
pose of aiding, assisting or encouraging them in the said
act of trespass, but for the purpose of relieving two Union
citizens, residents thereof, whose arrest he regarded as pro-
bable under the circumstances; that whilst at the scene of
trespass he did nothing by word or deed to aid, assist or en-
courage the siezure of the plaintiff's property, or to benefit
himself by its seizure, then the said *Henry Shepherd,* al-
though present during a portion of the time whilst the
property of the plaintiff was being seized and carried away,
is not, in law, guilty of any participation in the said tres-
pass, and they should find a verdict for the defendant, *Henry
Shepherd.*" The court refused to give the instruction as asked
for by defendant, *Henry Shepherd,* but gave it with this addi-
tion, "unless for other reasons, and upon the principles
enunciated in other instructions given in this cause, they
find him liable." To the opinion of the court refusing the
instruction asked for, and granting the instruction as given,
the defendant *Henry Shepherd* excepted.

The defendant *Henry Shepherd* also moved the court to in-
struct the jury, "that upon the trial of the cause, the plain-
tiff having introduced evidence to prove that the seizure
and carrying away of the plaintiff's property, complained
of in his declaration, was done by a body of rebel cavalry,
acting under the orders of Colonel Ashby, and that the
defendant *Henry Shepherd,* a private citizen residing in that
neighborhood, but no-wise connected with the army, was at
the village of *Hardscrabble,* the scene of the trespass a por-
tion of the time, during which time the said trespass was

being committed, and that he, by his presence and acts, had countenanced and encouraged said trespass, and that if from the evidence before them, they believe, that the defendant *Henry Shepherd* was ignorant of all design or purpose upon the part of the rebel forces to seize and carry away the property of the plaintiff, when they passed his house, that he left his home for the scene of the trespass with no design or purpose of aiding, assisting or encouraging them in the said act of trespass, but for the purpose of relieving two union citizens resident there, whose arrest he regarded as probable under the circumstances, that whilst at the scene of the trespass he did nothing by word or deed to aid, assist or encourage the seizure of the plaintiff's property, or benefit himself by its seizure, then, the said *Henry Shepherd*, although present during a portion of the time, whilst the property of the plaintiff was being seized and carried away, is not in law guilty of any participation in the said trespass, and they should find a verdict for the defendant *Henry Shepherd.*" Which instruction the court refused to give to the jury, but in lieu thereof gave the following: "The court instructs the jury that if from the evidence before them, they believed that the defendant *Henry Shepherd* was ignorant of all design or purpose upon the part of the rebel forces to seize and carry away the property of the plaintiff when they passed his house, that he left his home for the scene of the trespass with no design or purpose of aiding, assisting or encouraging them in the said act of trespass, but for the purpose of relieving two union citizens resident there, whose arrest he regarded as probable under the circumstances, that whilst at the scene of the trespass he did nothing by word or deed, to aid, assist or encourage the seizure of the plaintiff's property, or to benefit himself by its seizure, then the said *Henry Shepherd*, although present during a portion of the time whilst the property of the plaintiff was being seized and carried away, is not, in law, for that reason guilty of any participation in the said trespass, and they should find a verdict for the defendant *Henry Shepherd*, unless for other reasons, and upon the principle

enunciated in other instructions given in this cause, they find him liable." To the opinion of the court refusing the instructions asked for, and granting the instructions given, the defendant excepted.

The defendant *Henry Shepherd* also moved the court to instruct the jury, "That to maintain the present action against the defendant *Henry Shepherd* for the goods and property alleged to have been taken in the plaintiff's declaration, said plaintiff must show by his evidence that said *Henry Shepherd* actually participated in the trespass and taking complained of, either by having been personally present, concurring and aiding in the same, or having personally encouraged, advised, instigated or requested the said trespass, or that the alleged trespasses were committed for his benefit, or for the benefit of himself and others confederated with him, for a common unlawful purpose in furtherance of the same, or that he assented to or acquiesced in the same after the commission thereof, and that it is not sufficient for the plaintiff to show that the said *Henry Shepherd* was in the vicinity of said trespass and did not oppose the same, or that he received from one engaged in the trespass an article of property taken from the plaintiff, unless the jury further believes that such articles were originally taken for the use of the said *Shepherd,* and by and for the use of those with whom the said *Shepherd* had confederated, for the unlawful purpose of committing the trespass complained of by the plaintiff." Which instruction the court refused to give, but in lieu thereof gave the following : "The court instructs the jury that to maintain the present action against the defendant *Shepherd* for the goods and property alleged to have been taken in the plaintiff's declaration, said plaintiff must shew by his evidence that said *Henry Shepherd* actually participated in the trespasses and taking complained of, either by having been personally present, concurring and aiding in the same, or by having previously encouraged, advised, instigated or requested the said trespasses, or that the alleged trespasses were committed for the benefit of himself, or others confederated with him for a common unlawful pur-

pose in furtherance of the same, or that he assented to and acquiesced in the same after the commission thereof. Ordinarily, and as a general rule, he who goes in aid of those who commit a trespass, though he take no further part in it, or who co-operates therein, or aids, encourages, countenances, commands or advises the same, if done for his benefit, or for the common benefit of himself and others with whom he is confederated and co-operating in a common unlawful purpose, or who subsequently recognizes, approves and adopts the trespass with its purpose, results and benefits, is liable for the injury done by all in the trespass; but the question of co-operating and participating in the trespass, and all matters of fact, and the consequent liability of the several defendants is a question for the jury, who ascertain and determine the facts and apply the law under the instructions of the court. All the instructions given will be taken and considered together, as qualifying, explaining and modifying each other." To which opinion of the court refusing the instructions asked, and giving in lieu thereof the instrrctions above set forth, the defendants excepted.

*C. J. Faulkner* for plaintiff in error maintained.

1st. That the circuit court erred in refusing to give the first instruction as asked for by the defendant *Shepherd.* Every instruction to the jury which is relevant to the issue, and which fairly and correctly propounds the law, should be given by the court substantially as asked for. *Baltimore and Ohio Railroad Co.* vs. *Polly Woods & Co.,* 14 Gratt., p. 468. It cannot be asserted that the instruction asked for was inapplicable to the facts before the jury. By the admission of the court below the law is correctly propounded, and it covers every aspect of the case, to which, under the facts as hypothetically stated, liability could attach to the defendant. To refuse such instruction was manifest error. 3. *Randolph, Brooke* vs. *Young,* p. 113. *Dopkins Brothers & Co.* vs. *Richardson,* 9th Gratt., 496. *Baltimore and Ohio Railroad Co.* vs. *Woods,* 14th Gratt. p. 468.

2d. The court erred in the additions which it made to the defendant's first instruction. The words added "for that reason," unless "for other reasons," "upon the principles enunciated in other instructions," were calculated to confuse and mislead the jury. They impaired the force of the law previously expounded. They were contradictory to, and in conflict with the instruction given. If the jury believed the facts hypothetically stated, there could be "no other reason" upon which the defendant could be held liable. 14 Gratt., p. 468.

3d. The court erred in refusing the second instruction asked for by the defendants. That instruction asked the court to announce to the jury, that to constitute a co-trespasser upon the alleged ground that the defendant had received from the persons actually committing the trespass one of the articles of property taken from the plaintiff, it was not sufficient to show that such article was received by the defendant, but it was further necessary to show, that such article was originally taken for the use of the defendant, or for the use of those with whom he had confederated for the unlawful purpose of said trespass.

This is a clear and unquestionable principle of law, and in the present case of the highest practical importance to the defence. An act which in the case of felony, would make a man an accessory after the fact, will not in the case of trespass subject him to an action of trespass, for in trespass, as in misdemeanors, accessories after the fact, are not punishable, Cokes 4, Institute 371. So where a man wrongfully took a gun from a gentleman who was sporting, and gave it to the game-keeper who received it, and afterwards refused to give it up, it was holden that trespass would not lie against the game-keeper receiving it, to recover the value of the gun, for it was not seized for his use. *Wilson* vs. *Barker*, 4, B and A, p. 614; 24 English Common law Reports. Trover, upon proper demand, might have been maintained to recover the value of the gun. (same case.)

4th. The court erred in the instruction given at the request of the plaintiff.

1st. The instruction is so obscurely worded, as to be calculated to mislead the jury. It would be a fair inference from that instruction, that if the jury believe "that any of the defendants" had participated in the trespass, they must find a verdict against all the defendants.

2d. It affirms the proposition that a defendant who has received one article from the actual trespasser, knowing it to have been taken from the plaintiff against his will, although not originally taken for his use, is co-trespasser, and liable equally with the original trespasser for all that was taken from the plaintiff—a doctrine repudiated by the case of *Wilson* vs. *Barker*, 24 English Common law Reports.

3d. It instructs the jury that the defendant so receiving a single article is liable for the value of all the plaintiff's goods with interest thereon from date. The statute gives to the jury the exclusive right to determine whether interest shall be allowed on the sum found by the verdict, and to fix the period at which the interest shall commence. Code of 1860, p. 732, section 14. This portion of the instruction was, therefore, an improper interference with the discretion exclusively vested in the jury.

*Stanton* and *Allison* for defendant in error.

1st. It is admitted that the party has a right to have his instructions given to the jury substantially as asked for, if they propound the law applicable to the case correctly.

It is claimed that the first instruction requested by the defendant below, was given substantially as requested. The modification of it was not a substantial change of the charge as requested. In the case of the *Baltimore & Ohio Railroad Company* vs. *Polly Woods & Co.*, 14 Gratt., there was a substantial modification of the charge requested, and the charge as given was not law. It allowed the jury to correct mistakes in the estimate of the engineer of the company without finding fraud.

2d. The instruction requested was properly refused, be-

cause it did not meet the whole case made by the evidence. It omitted any reference to the evidence which tended to prove. that defendant, *Henry Shepherd*, received from the parties who took the plaintiff's property, a part of the property taken at the time and place when and where it was taken, knowing it to have been unlawfully taken, and converted it to his own use.

In the case of *Hood* vs. *Maxwell*, 1 West Va. Rep., 239, the court say that the instructions asked for in that case were properly refused, "because they do not propound the law fully." This is undoubtedly the true rule.

3d. The judgment of the circuit court will not be reversed for error in giving or refusing instructions, unless it appears from the whole record that the party complaining may have been prejudiced by the instructions. *Pitman* vs. *Breckinridge,*, 3 Gratt., 129; *Calvin* vs. *Munfee,* 11 Gratt., 93.

The charge given at the request of the plaintiff below, shows that the evidence before the jury was such that if the instructions asked for had been given as requested they could not and ought not to have changed the verdict of the jury.

4th. The second and third instructions asked by the plaintiff in error, and refused, are not law and therefore were properly refused.

We deny the proposition, that a party who ratifies a trespass after it is committed, by receiving the fruits of it, and converting them to his own use, is not liable as a trespasser because it was not taken for the special use and benefit of the party so receiving. 2 *Hilliard* on *Torts*, 310,311; *Wheeler* vs. *Brown*, 18 Conn. Rep., 199.

5th. There is no error in the instruction given at the request of the plaintiff.

Its soundness, as applicable to the case, depended upon the facts which the evidence tended to prove.

The recitals in the charge show that defendant *Henry Shepherd* was present, looking on, witnessing the plunder of the plaintiff's store by Colonel Ashby's cavalry; that his son, Abram Shepherd, was one of the soldiers engaged in

the plunder; that while the work was going on, or before the parties engaged in it had dispersed, the defendant received from his son, and appropriated to his own use, an umbrella and several other small articles of the plaintiff's property which were taken in defendant's presence.

By his presence, and the countenance which his presence gave to the trespassers, and his taking, carrying away, and appropriating to his own use a part of the property, he became a joint trespasser with those who took the goods, and made himself liable for all the property taken at that time and place.

6th. We see no objection to the charge in regard to interest. It was proper for the court to advise the jury that lapse of time and the loss of the use of the property, and the profits he might have realized from it, was one of the elements which the jury might adopt in ascertaining the amount of damages which the plaintiff had sustained. That the legal rate of interest is the proper rule of damages for withholding money due, is so well settled that it will not be controverted. If it was right for the jury to find interest, with or without instructions, the party is not prejudiced by the instructions, and, therefore, has no right to complain of them. But if this were error for which the judgment might be reversed, it only goes to so much of the judgment as gives interest.

7th. The errors assigned and exceptions taken only apply to *Henry Shepherd.* As to the defendants *John Shepherd* and *Osborn*, no instructions were asked, or exceptions taken, affecting their liability.

The judgment, therefore, must be affirmed as to them, whatever may be the result as to *Henry Shepherd.*

MAXWELL J. It is assigned as a cause of error, that the court below refused to give the instructions as asked by the defendant, *Henry Shepherd*, and gave the instructions in a modified form, and that the court erred in giving the instructions given at the instance of the plaintiff below.

The second and third instructions asked by the defendant

*Henry Shepherd,* and the instructions given in lieu thereof, mentioned in the defendant's second and fourth bills of exceptions in the order they appear in the printed record, can not be revised by the court, as it does not appear from the bills of exceptions whether they were relevant or irrelevant to the cause before the jury, and until the contrary appears, it must be presumed that the action of the court below was correct. *Fitzhugh's Ex'r.* vs. *G. F. Fitzhugh,* 11 Gratt., 308; 1 Cranch, 319; 2 H. & M., 363; 4 H. & M., 82; 3 Munford, 191; 4 Rand., 609; 5 Rand., 31.

The first instruction asked by the defendant, *Henry Shepherd,* was given as asked, with the addition of the following words by the court: " unless for other reasons and upon principles enunciated in other instructions given in this cause, they find him liable."

It is claimed that the addition of these words was calculated to mislead the jury, and that the instructions should have been given without it.

I cannot see how it could mislead the jury. It seems to me that the only effect that the addition could have, was to prevent the jury from being misled, and that, therefore, it was properly made by the court. It is claimed that the court erred in giving the instructions asked by the plaintiff below, contained in the defendant's third bill of exceptions. This instruction, in substance, told the jury that if the defendants, *Henry Shepherd* and *John Shepherd,* or either of them were present at the time the plaintiff's goods were taken, participating, aiding and assisting in the taking, or countenancing and encouraging those who took them, or taking and receiving the goods, the one so present was liable to the plaintiff for the value of all the plaintiff's goods then taken, with interest on such value from the time they were taken.

I can see no error in this instruction. If a party would not be liable for a trespass under such circumstances, I can scarcely imagine a case in which he would be liable.

It is expressly provided in the Code of Virginia, 1860, p. 732, sec. 14, that the jury may allow interest on the sum

found by the verdict, and fix the period at which the said interest shall commence, and it cannot be an error therefore, that the jury were told that the defendants, if liable at all, were liable for the value of the property taken, with interest on such value from the time it was taken.

The President concurred.

JUDGMENT AFFIRMED.