# CHARLESTON

STATE *for use of* BILLINGSLEY v. STUTLER *et al.*

Submitted June 11, 1906.    Decided December 4, 1906.

1.    APPEAL—*Record—Bill of Exceptions—Necessity.*
       A case in which the assignments of error involving the evidence cannot be considered because the evidence was not made a part of the record by proper bill of exceptions.    (p. 27.)

Error to Circuit Court, Marion County.

Action by the State, to the use of Morgan Billingsley, against William A. Stutler and J. L. Bice.    Judgment for plaintiff, and defendants bring error.

*Affirmed.*

F. T. MARTIN and U. N. ARNETT, for defendants in error.
C. H. LEADS and W. S. MEREDITH, for plaintiff in error.

Cox, JUDGE:

This action of debt on bond was instituted by the State of West Virginia, suing for the use of Morgan Billingsley, against William A. Stutler and J. L. Bice in the circuit court of Marion county, resulting in verdict and judgment for the plaintiff for $250. The defendants bring the case here by writ of error for review. The assignments of error involve the evidence. The only bill of exceptions in the case is as follows: "Morgan Billingsley v. William A. Stutler & others, Action of Debt. Bill of Exceptions. Be it remembered that upon the trial of this action and after the jury had rendered its verdict and before the court had entered judgment thereon, the defendants moved the court to set aside the verdict and grant them a new trial on the grounds that the said verdict is contrary to the law and the evidence, which said motion, and argument of counsel thereon, being considered by the court, was overruled and the court entered judgment thereon to which action of the court overruling said motion to set aside said verdict and grant them a new trial, the defendants excepted and asked that all the evidence taken in said case and submitted to and considered by the jury, and reported, and that said exceptions be certified and made a part of the record, which is accordingly done, and the court certifies that the following is all of the evidence offered or read in behalf of either party hereto, except the declaration and notice thereto in the ejectment case of said *Billingsley* v. *William A. Stutler* and others, referred to in this case; which said papers seem to be lost or misplaced, and are not now in the papers of this cause. Done this 22nd day of April, 1905. John W. Mason, Judge of the circuit court of Marion county."

Following this bill of exceptions in the printed record are these words: "The evidence heretofore referred to is as follows." Then follows, after a caption, what purports to be the questions and answers of witnesses, and documents exhibited therewith. It does not appear that the evidence was annexed to or incorporated in the bill. The bill in no way identifies the evidence which was intended to be made a part of it. The words, "The evidence heretofore referred to is as follows," do not appear to be the words of the judge signing the bill. They are found after his signature. The

bill is wholly insufficient to make the evidence a part of it ·or of the record. *Tracy's Admr* v. *Carver Coal Co.*, 57 W. Va. 587; *McKendree* v. *Shelton*, 51 W. Va. 516; *Dudley* v. *Barrett et al.*, 58 W. Va. 235, and other cases.

Another fatal objection to the bill of exceptions is that it does not purport to make all the evidence adduced on the trial a part of the record; and there is no other bill of ex-·ceptions. Under these circumstances, we must presume that there was evidence which fully sustained the verdict. *Dud-ley* v. *Barrett et al.*, *supra;* *State* v. *Ice*, 34 W. Va. 244; *Bank* v. *Bank*, 3 W. Va. 386; *Edgell* v. *Conway*, 24 W. Va. 747; *Hunter* v. *Stewart*, 23 W. Va. 549. It is true that we find in the printed record what seems to be a copy of the record of a proceeding whereby a declaration and notice, in ·a certain action of ejectment by *Morgan Billingsley* v. *William A. Stutler et al.*, were supplied; but the certificate ·to the copy of the record of that proceeding is unsigned by the clerk or any one else. If it were properly signed, the supplied declaration and notice were not made a part of the record in this case by bill of exceptions identifying them as ·a part of the evidence adduced upon the trial ·of this case.

The evidence is not a part of the record, and the judgment must be affirmed.

*Affirmed.*