THELMA POZZIE

*v.*

ELLIOTT PRATHER, *et al.*
(No. 12665)

Submitted September 12, 1967. Decided November 14, 1967.

*Herman Canady, Jr.,* for plaintiff in error.

*W. Hayes Pettry,* for defendants in error.

CALHOUN, PRESIDENT:

This case, on appeal from a final judgment of the Circuit Court of Putnam County, involves a habeas corpus proceeding instituted in that court in January, 1966, by Thelma Pozzie, as petitioner, against Elliott Prather and Lynda Prather, husband and wife, as respondents, for the purpose of obtaining an adjudication of the right to the custody of Michael Dewayne Pozzie, an illegitimate child born on April 2, 1965, to the petitioner, who previously had been divorced from her husband.

In her habeas corpus petition, Thelma Pozzie alleges that she resides in Kanawha County; that the respondents reside in Putnam County; that she gave temporary custody of her child to the respondents for a period of time which was extended by her for a total period of about a month, at which time she demanded return of custody of the child; and that the respondents then refused and thereafter continued to refuse to surrender custody of the child to the petitioner.

In their answer to the petition, which hereafter will be referred to in this opinion as a return, the respondents allege that they "made several trips to see the mother of said child and she would take the baby for a

few minutes and then give him back and did not evidence any interest in said child''; that the child was abandoned by his mother; and ''that said child's mother's home is not a fit and proper place for parental care or guardianship of said child, but is one of neglect, cruelty and disrepute on part of the mother and on the part of other persons who may be living with said mother.'' The return contains additional allegations of a similar nature and concludes with a prayer that the respondents be awarded the permanent custody of the child. By a subsequent pleading, the petitioner denied the allegations of fact contained in the return.

Depositions of witnesses were taken in behalf of the petitioner, pursuant to agreement of the parties at Winfield, in Putnam County, on June 17, 1966; and, pursuant to agreement of the parties, depositions of witnesses in behalf of the respondents were taken at Charleston, Kanawha County, on June 22, 1966.

An order entered on March 7, 1966, prior to the taking of the depositions, states that the trial court, according to its letter opinion, considered the case on the pleadings ''and the written and oral reports of two social workers of the Department of Welfare, Child Welfare Division'' and that the prayer of the petition was denied. If that should be considered to be the final judgment of the court, the appeal to this Court was not made within the required statutory appeal period of eight months, the petition for writ of error having been filed in the office of the Clerk of this Court on April 14, 1967.

By a writing filed March 17, 1966, counsel for the petitioner moved the trial court to set aside its previous judgment on the ground that it was based on written reports and oral statements of two social workers which were considered and heard out of the presence of the attorneys. The subsequent depositions of witnesses for the respective parties disclose that they were taken pursuant to agreement of the parties in the

presence of and with the full participation of counsel for the respective parties. The record discloses that the depositions were thereafter considered by the trial court in arriving at its ultimate decision. An order entered on August 15, 1966, recites that, "upon reviewing the evidence submitted by way of depositions that the former position taken by the Court in the judgment of March 7, 1966, is strengthened and the decision rendered therein must stand." It was further ordered that the child remain in the custody of the respondents. We are of the opinion that this latter order must be regarded as the one embodying the final judgment of the trial court and, therefore, it follows that the petition for a writ of error was filed within the eight-months statutory appeal period and that the writ of error was not improvidently awarded.

A writ of error and supersedeas was granted by this Court on May 1, 1967. On June 15, 1967, the petitioner, by counsel, was granted leave to move to reverse the judgment of the trial court, pursuant to the provisions of Code, 1931, 58-5-25, and Rule IX of the Rules of this Court. Oral argument having been waived, the case was submitted for decision upon the record and briefs of counsel. The attorney who represents the petitioner in this Court is not the attorney who represented her in the trial court.

At the outset, the Court deems it necessary, on its own motion, to consider the jurisdictional question whether the testimony, in the form of depositions, considered by the trial court in arriving at its final judgment, has been made a part of the record before the Court.

Habeas corpus proceedings are not governed by the West Virginia Rules of Civil Procedure. R. C. P. 81 (a) (5). Nor is this proceeding covered by the habeas corpus post-conviction review procedure prescribed by Chapter 85, Acts of the Legislature, Regular Session, 1967, (Code, 1931, 53-4A, as amended). We are, there-

fore, concerned in this case with a habeas corpus proceeding as used through the years in this state as a procedure for determining the right to custody of children.

Long before the formation of this state, habeas corpus was held to be an appropriate remedy by which to have a judicial determination of the right to custody of children. "* * * The jurisdiction of the courts to determine who has the legal right to the custody of the minor upon a habeas corpus is well settled. *King vs. Deleval,* 3 Burr Rep., 1434; *King vs. Greenhill,* 31 Eng. C.L.R. 158." *Matthews v. Wade,* 2 W. Va. 464, 469. To the same effect see *Rust v. Vanvacter,* 9 W. Va. 600, 611; *Green v. Cambpell,* 35 W. Va. 698, pt. 1 syl., 14 S. E. 212; *Dawson v. Dawson,* 57 W. Va. 520, 528, 50 S.E. 613, 617; *Stapler v. Leamons,* 101 W. Va. 235, 241, 132 S. E. 507, 509; *Pugh v. Pugh,* 133 W. Va. 501, 510, 56 S. E. 2d 901, 906.

Habeas corpus is a legal remedy. *Click v. Click,* 98 W. Va. 419, 424, 127 S. E. 194, 196; 9 M. J., Habeas Corpus, Section 3, pages 306-07; 39 C.J.S., Habeas Corpus, Section 1, page 426; *Lumpkin v. Meeks,* 263 Ala. 395, 82 So. 2d 535. This case, therefore, is before this Court on writ of error. This procedure is in accord with that which appears to have been the unquestioned practice in habeas corpus in cases which heretofore have been brought before this Court for review. See, for instance, *Cunningham v. Barnes,* 37 W. Va. 746, 17 S. E. 308; *Hurley v. Hurley,* 71 W. Va. 269, 76 S. E. 438; *Moore v. Hughes,* 87 W. Va. 722, 106 S. E. 35; *Click v. Click,* 98 W. Va. 419, 127 S. E. 194; *Ex parte Farmer,* 123 W. Va. 304, 14 S. E. 2d 910. While habeas corpus is regarded as a legal proceeding, when such procedure is used to determine the right to custody of children, courts are guided by equitable principals, the welfare of the child in the particular case being regarded as the basic consideration. *State ex rel. Harmon v. Utterback,* 144 W. Va. 419, 426, 108 S.E. 2d 521, 526, and cases there cited; *Stapler v. Leamons,* 101 W. Va.

235, 241, 132 S.E. 507, 509; *Hurley v. Hurley,* 71 W.Va. 269, 271, 76, S.E. 438, 439, 39 C.J.S., Habeas Corpus, Section 41, page 568.

Bills of exceptions and certificates in lieu thereof were abolished in relation to most categories of civil cases by Rule 80 (f) of the Rules of Civil Procedure, but, as we have stated previously, habeas corpus proceedings are expressly excluded from the operation of such Rules. No bill of exceptions or certificate in lieu thereof has been obtained in this case, pursuant to the provisions of Code, 1931, 56-6-35 and 36.

The purpose of bills of exceptions, or certificates in lieu thereof, is to exhibit the supposed mistakes of the trial court which do not appear upon the record, and which cannot otherwise be brought before an appellate court for review and correction, if erroneous. *Rollins v. Daraban,* 145 W. Va. 178, pt. 1 syl., 113 S. E. 2d 369; Rule I, Rules of this Court.

In any case in which a bill of exceptions or a certificate in lieu thereof is necessary, the failure to obtain such bill or certificate is jurisdictional and may be raised by the appellate court on its own motion. *Pettry v. The Chesapeake and Ohio Railway Co.,* 148 W. Va. 443, pt. 3 syl., 135 S. E. 2d 729. This Court, therefore, lacks jurisdiction in this case to regard as a part of the record anything which is not a part of the record in the absence of a bill of exceptions or certificate in lieu thereof.

"Evidence introduced at the trial of an action at law but not made a part of the record by bill of exceptions, or certificate in lieu thereof, will not be considered by an appellate court." *Carter v. Jones,* 145 W. Va. 98, pt. 2 syl., 112 S. E. 2d 705. Certain matters are a part of the record in the absence of bills of exceptions or certificates in lieu thereof, and such matters may be considered by the appellate court even though the testimony is not made a part of the record. *Rollins v. Daraban,* 145 W.Va. 178, 183, 113 S.E.

2d 369, 372. "Although an instruction or charge in writing is a part of the record, under Code, 56-6-20, if the objection thereto is predicated in whole or in part upon evidence not properly made a part of the record, such objection will not be considered on appeal." *Grottendick v. Webber,* 134 W. Va. 798, pt. 4 syl., 61 S. E. 2d 854.

The burden is on the appellant or plaintiff in error to produce before the appellate court a record sufficient affirmatively to disclose error committed to his prejudice in the trial court. *Rollins v. Daraban,* 145 W. Va. 178, 113 S. E. 2d 369. "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." *Morgan v. Price,* 151 W. Va., ____ pt. 5 syl., 150 S.E. 2d 897. For additional cases supporting the general rule that, when an alleged error on the part of the trial court is dependent on the testimony taken in the trial court, and when such testimony has not been made a part of the record for appellate purposes, this Court will presume that the trial court acted properly, see *Shepherd v. McQuilkin,* 2 W.Va. 90, pt. 3 syl.; *Tracy's Admx. v. Carver Coal Co.,* 57 W.Va. 587, 595, 50 S. E. 825, 828; *Dudley v. Barrett,* 58 W.Va. 235, 52 S.E. 100; *State v. Stutler,* 61 W. Va. 26, 55 S.E. 906; *Coal Run Coal Co. v. Cecil,* 94 W.Va. 116, 121, 117 S.E. 697, 699; *State v. Turner,* 137 W.Va. 122, 124, 70 S.E. 2d 249, 250; *Ward v. County Court of Raleigh County,* 141 W. Va. 730, 734, 93 S. E. 2d 44, 46; *Carter v. Jones,* 145 W. Va. 98, pt. 3 syl., 112 S. E. 2d 705. The same general principles are applied in habeas corpus proceedings. *Smyth v. Midgett,* 199 Va. 727, 101 S. E. 2d 575; 39 C.J.S., Habeas Corpus, Section 117, page 725.

The assignments of error in this case involve the question of the sufficiency of the testimony to support the trial court's judgment, and the testimony not being

a part of the record before this Court, we must presume that the trial court's judgment was warranted by such testimony; and no error appearing from the record before us, the motion to reverse is overruled.

*Motion to reverse overruled.*