432 S.E.2d 785

**Lisa D. TAYLOR, Petitioner Below, Appellant,**

v.

**Richard TAYLOR, Respondent Below, Appellee.**

**No. 21374.**

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1993.

Decided June 28, 1993.

---

Joseph W. Wagoner, Weston, for appellant.

David R. Rexroad, Buckhannon, for appellee.

PER CURIAM:

This is an appeal by Lisa Taylor from a December 12, 1991, order of the Circuit Court of Lewis County requiring Mrs. Taylor's former husband, Richard Taylor, to make child support payments in the amount of $340 per month. The family law master's recommendation of $340 per month in child support payments and the lower court's adoption of that recommendation were based upon the unemployment compensation benefits received by Mr. Taylor. The Appellant contends that the child support to be paid by Mr. Taylor should have been approximately $666 per month based upon attributed income of $2,170 per month. We disagree with the contentions of the Appellant and affirm the determination of the lower court.

I.

On February 6, 1990, the Appellant instituted a divorce action against her husband, Richard Taylor. A final hearing was held before the family law master on November 21, 1990, and the recommendation of the family law master was filed on March 8, 1991. The Appellant filed a petition for review of said recommendation with the

Circuit Court of Lewis County, taking exception to the family law master's failure to attribute $2,170 per month income to Mr. Taylor and the family law master's failure to use such attributed income in the calculation of child support. The lower court remanded the matter to the family law master for clarification of this issue by order entered April 11, 1991. An additional hearing was held before the family law master on September 4, 1991, and the Appellant again took exception to the family law master's decision not to attribute the $2,170 per month in income to Mr. Taylor. The lower court, after reviewing the Appellant's exceptions, approved the recommendation of the family law master by order dated December 12, 1991.

The family law master's recommendation of $340 per month in child support payments for the parties' two children, born June 14, 1985, and May 31, 1989, was based upon Mr. Taylor's unemployment compensation benefits of $875 per month. The Appellant's primary contention upon appeal is that the family law master erred by refusing to attribute income of $2,170 per month to Mr. Taylor and by basing the child support obligation solely upon unemployment benefits. When the Appellant instituted the divorce action, the Appellee earned approximately $2170 per month as a dozer operator for Equitable Resources, Inc., in Buckhannon, West Virginia. Between the institution of the divorce proceeding and the hearing before the family law master, the Appellee resigned from his position at Equitable Resources. According to his testimony, he resigned that employment because he had been informed that he would be required to work in Kentucky and would be on call twenty-four hours a day, seven days a week. The Appellee attempted to secure other employment due to his desire to remain in close proximity to his children and to spend more time with them. Prior to resigning from Equitable Resources, he secured a position with R. O. Harper Trucking. The Appellee's position with Harper Trucking was terminated after only one day of employment due to lack of work available. The Appellee had been earning approximately $2,170 per month at Equitable Resources and would have earned approximately $1,200 per month at Harper Trucking. After his resignation from Equitable Resources, he was unable to regain employment with that company. Although he is presently attempting to acquire employment, he is collecting unemployment at the rate of $875 per month.

The Appellant cites 6 W.Va.C.S.R. § 78-16-4 (1988) for the proposition that the Appellee's prior $2,170 monthly income should have been "attributed" for the purpose of determining child support payments. Section 78-16-4.1 provides as follows: "The term 'attributed income' shall mean income not actually earned by a support obligor, but which may be attributed to such support obligor because he or she is unemployed, is not working full time, or is working below earning capacity." Further, § 78-16-4.1.1 and 4.1.1.4 provide that income shall not be attributed to a support obligor who is unemployed if the support obligor has "made diligent efforts to find and accept available suitable work ... to no avail[.]" Section 78-16-4.1.2 provides as follows:

> If a court or master determines that a limitation on income is not justified in that it is a result of a self-induced decline in income, a refusal to occupy time profitably, or an unwillingness to accept employment and earn an adequate sum, the court or master *may* consider evidence establishing the support obligor's earning capacity in the local job market, and *may* attribute income to such obligor. (emphasis added)

Based upon the evidence adduced at the hearing, the family law master determined that although the Appellee did not use good judgment in terminating his employment and that the limitation on his income was a result of a self-induced decline in income, the $2,170 monthly income should not be attributed to the Appellee. Child support was therefore calculated based solely upon the Appellee's unemployment benefits.

The Appellant contends that the family law master's findings clearly sup-

port the attribution of the $2,170 monthly income to the Appellee and that the family law master was required by this state's child support guidelines to attribute such income. The Appellant directs our attention to the syllabus of *Holley v. Holley*, 181 W.Va. 396, 382 S.E.2d 590 (1989), in which we explained:

> When a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with the established state guidelines, set forth in 6 *W.Va.Code of State Rules* §§ 78–16–1 to 78–16–20 (1988), unless the master or the court sets forth, in writing, specific reasons for not following the guidelines in the particular case involved. *W.Va.Code*, 48A–2–8(a), as amended.

A thorough reading of the section upon which the Appellant relies, however, reveals the discretionary nature of the family law master's power to decide whether to attribute income to a support obligor. When referring to a family law master's discretion, section 78–16.4.1.2 provides that the family law master "may" attribute income if certain conditions are present. We have previously quelled any misconception about the import of the use of "may" in similar contexts. Specifically, in *Bettinger v. Bettinger*, 183 W.Va. 528, 396 S.E.2d 709 (1990), we explained that "[o]rdinarily, the word 'may' imparts discretionary action, while the term 'shall' indicates a mandatory requirement." [1] *Id.* at 539, 396 S.E.2d at 720.

The Appellant's argument is premised upon a misinterpretation of the discretion of the family law master. Nothing in § 78–16–4 requires a family law master or a court to attribute income to an obligor. Furthermore, if the family law master had attributed the $2,170 monthly income to the Appellee in this case, the Appellee could potentially have contested that ruling due to his apparent "diligent efforts to find and accept available suitable work." 6 W.Va. C.S.R. § 78–16–4.1.1.4. If such diligent ef-

forts are being made, as the Appellee contends, it would be improper under § 78–16–4.1.1.4 for the family law master to attribute income to the Appellee.

Under the circumstances of this case and in light of the discretionary power of the family law master regarding the attribution of income, we find no error by the lower court. The family law master's findings that the Appellee did not use good judgment and that his income limitation was a result of a self-induced decline in income did not require the conclusion that the $2,170 monthly income should be attributed to the obligor. It was well within the family law master's discretion to decide against attributing that income. Moreover, it was not an abuse of that discretion to do so. While the Appellee may have used poor judgment in resigning from his position at Equitable Resources, his motivation was apparently well-grounded in his desire not to be separated from his children. The Appellant, while obliquely questioning that motivation, presented no evidence whatsoever which would indicate fraud or improper motivation of any nature. With regard to the untimely resignation, the Appellee offered the following explanations: that he had secured other employment prior to resigning from Equitable Resources, that he was laid off from Harper Trucking after only one day of employment, and that has been diligently seeking employment since that time.

As we explained in syllabus point 4 of *Pozzie v. Prather*, 151 W.Va. 880, 157 S.E.2d 625 (1967),

> An appellant or plaintiff in error must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

The record before us is devoid of any evidence of fraud or deception by the Appel-

---

**1.** The context in which the connotation of the word "may" was examined in *Bettinger* also involved child support regulations. At issue in

that case was the discretion of the court or a family law master to apply the formula to parents whose income exceeded a certain amount.

lee. We therefore affirm the decision of the lower court.

Affirmed.