# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephanie M.,**
**Petitioner Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-1091**  (Kanawha County 00-D-1154)

**John M.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie M., by counsel Richard L. Vital, appeals the Circuit Court of Kanawha County's November 20, 2018, order terminating her permanent alimony award. Respondent John M., by counsel Nigel E. Jeffries, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in 1981. They separated in 2000, and a final divorce order was entered on November 24, 2003, in the Circuit Court of Kanawha County.[1] Relevant to this appeal, petitioner was awarded permanent alimony in the amount of $2,500 per month, which, under the divorce order, "is modifiable by a change of circumstances and shall terminate upon death of the respondent or remarriage of the petitioner."[2] The order further provided that petitioner agreed to waive any interest in the marital home and respondent's law practice and that respondent assumed all outstanding marital indebtedness (excluding debts incurred by the parties after separation). Neither party appealed this order.

---

[1] Three children were born of the marriage and respondent was ordered to pay petitioner $951 per month in child support. The children are now emancipated.

[2] According to the circuit court's November 20, 2018, order that is the subject of this appeal, when the 2003 divorce order was entered, respondent's income was vastly greater than petitioner's. Respondent's average income was $237,625 per year ($19,802 per month) while petitioner's was $49,000 per year ($4,083 per month). Respondent's reported monthly expenses of $17,804 and petitioner's reported monthly expenses of $8,523 were found to be "somewhat inflated."

1

On May 1, 2014, respondent filed a petition to terminate or reduce the alimony award. Following a hearing, the family court granted the petition and reduced the award to $1,000 per month because respondent's business income had decreased while petitioner's income had increased. Petitioner appealed, and the circuit court reversed and reinstated the $2,500 monthly alimony award. This Court affirmed the circuit court's decision. *See John M. v. Stephanie M.*, No. 15-0656, 2016 WL 3175806 (W.Va. June 3, 2016) (memorandum decision).

Meanwhile, during the pendency of the foregoing appeal, respondent filed a second petition to terminate or modify the alimony award based upon a substantial change in circumstances – i.e., his decrease in income and petitioner's increase in income. A hearing was conducted on October 18, 2016, during which the family court ordered the parties to provide additional financial disclosures, including their 2015 tax returns. The petition to terminate/modify was later denied by the family court in an order entered on December 23, 2016.

Respondent appealed the family court's December 23, 2016, order to the circuit court. Following a hearing, the circuit court remanded the matter for further proceedings, directing the family court to make a written finding regarding whether respondent's recent adoption of the parties' minor grandchild[3] had any effect on his claim that he had a substantial change in circumstances. The court also directed the family court to review all pertinent financial information, including the parties' 2015 tax returns, before ruling on the petition to terminate/modify.

On remand, a family court hearing was conducted on May 26, 2017. By order entered on May 30, 2017, the family court terminated the $2,500 monthly alimony award. Petitioner appealed that order to the circuit court.

At a September 1, 2017, hearing before the circuit court on appeal, respondent advised the court that he was now caring for two grandchildren in addition to the one he already adopted.[4] The circuit court again remanded the matter and directed the family court to (1) hold an evidentiary hearing for the purpose of ascertaining the reasonable expenses respondent has incurred in connection with caring for the parties' grandchildren, (2) make a finding as to whether these expenses constitute a substantial change in circumstances, and (3) if they do constitute such a change in circumstances, then determine to what degree the alimony obligation should be modified.

Upon remand, the family court heard evidence regarding the reasonable expenses incurred by respondent in caring for the grandchildren and also on collateral issues such as the parties' income. By order entered July 20, 2018, the family court ordered the $2,500 monthly alimony award terminated based upon respondent's expenses regarding the grandchildren, the parties'

---

[3] This child was found to have "special needs" in that she suffers from the effects of having been born with opioids in her system. Petitioner does not dispute this finding.

[4] Respondent cared for one of these grandchildren only temporarily and later adopted the other. Like the first grandchild he adopted, the second adopted grandchild was found to have "special needs" as a result of being born with opioids in his system. Petitioner does not dispute this finding.

respective abilities to pay, and their respective financial needs.

In its order, the family court found that there was a substantial change of circumstances based upon specific testimony from respondent's accountant regarding respondent's decrease in income and current financial status – that is, in 2016, respondent's adjusted gross income was $161,000 and taxable income was $125,000; in 2017, his adjusted gross income was $83,904 and his estimated taxable income was $45,816. Though respondent's first quarter earnings for 2018 were $23,000 greater than for the same period in 2017, his accountant testified that first quarter receipts are not a reliable indicator of annual receipts, particularly for a law practice. Respondent's accountant also testified that respondent met his office and personal expenses with a continuous bank loan. Additionally, the family court heard testimony from respondent's employee that respondent missed work in order to care for the adopted grandchildren. She further testified that respondent carries no health or malpractice insurance in an effort to reduce expenses, that his law practice has continued to suffer financially, and that she has suggested that he consider filing for bankruptcy. The family court's order also relied on the testimony of a local attorney, who stated that respondent's income-earning ability in the area of DUI defense (respondent's area of primary focus) had become less lucrative since the enactment of certain legislation in 2013.

According to the family court's order, respondent testified regarding unspecified expenses associated with raising his special-needs grandchildren and also routine costs such as diapers, cleaning supplies, birthday gifts, daycare, and the like. Respondent acknowledged that he receives $600 per child from the State and that the children receive Medicaid benefits. Petitioner's evidence included that her 2016 adjusted gross income was $115,334, that her 2017 adjusted gross income was $71,131, and that she was forced to retire in May of 2017, for health reasons, including back trauma, shoulder surgeries, and carpal tunnel syndrome. However, the family court specifically found that petitioner failed to submit corroborating medical records or the name of a physician who advised her to retire, that her testimony was not credible, and that her retirement ten days before the family court hearing "was without just cause and . . . in contrivance to forestall modification of her alimony payments and keep the same intact." In 2018, petitioner received Social Security income in the amount of $1,562, and pension income in the amount of $1,378, for a total monthly income of $2,940. The family court found that petitioner was attempting to obtain Social Security Disability benefits, that petitioner's purported monthly expenses of $3,411 were inflated, and that, at the time of her retirement, she was earning more wages per month than respondent and had "more than enough financial resources to meet her monthly needs." Ultimately, the family court imputed petitioner's average pre-retirement wages based upon her "bad faith" retirement immediately prior to the May of 2017 family court hearing (i.e., $6,297.33 per month, or $75,568 per year).

Petitioner appealed the family court's order terminating her $2,500 per month alimony award. By order entered on November 20, 2018, the circuit court affirmed, noting that the family court's findings were largely based on credibility determinations, to which much deference is given. *See e.g., Ware v. Howell*, 217 W. Va. 25, 614 S.E.2d 464 (2005). This appeal followed.

This Court has held that,

[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). Furthermore,

"[q]uestions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977).

Syl. Pt. 3, *Lucas v. Lucas*, 215 W. Va. 1, 592 S.E.2d 646 (2003).

This Court has stated that "the primary standard to determine whether or not a trial court should modify an award awarding alimony is a substantial change of circumstances." *Zirkle v. Zirkle,* 172 W. Va. 211, 217, 304 S.E.2d 664, 671 (1983). Further, the burden of showing a substantial change of circumstances is on the party seeking a modification of the alimony award. *See* Syl. Pt. 3, *Goff v. Goff,* 177 W. Va. 742, 356 S.E.2d 496 (1987). Indeed, we have previously noted the difficulty in precisely defining the phrase "substantial change in circumstances" but have recognized that it "most often refers to circumstances which have substantially impacted upon the financial resources and economic needs of the parties subsequent to their divorce." *Clay v. Clay,* 182 W. Va. 414, 422, 388 S.E.2d 288, 296 (1989). Furthermore, "[i]n order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in support obligations, the change must be one which would not reasonably have been expected at the time of the divorce decree." *Goff*, 177 W. Va. at 747, 356 S.E.2d at 501. Finally, in determining whether there has been a substantial change of circumstances, we have explained that the reviewing court must "consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding." Syl. Pt. 2, in part, *Yanero v. Yanero,* 171 W. Va. 88, 297 S.E.2d 863 (1982). [5]

On appeal, petitioner raises five assignments of error, four of which relate to the family court's determination that respondent successfully carried his burden of proving a substantial change of circumstances warranting the termination of petitioner's alimony. Petitioner avers that "[t]he testimony and evidence . . . clearly show[] that petitioner's . . . expenses and costs of living in New York [where she has resided since the divorce] have increased and her health has deteriorated"[;] that petitioner proved that she "has no income[-]earning ability and very little, if any, estate"[;] that she was forced to retire from her employment for medical reasons; and that,

---

[5] *See* W. Va. Code § 48-8-103(b) (2012) (providing, in pertinent part, that, upon a motion by either party, a court may "revise or alter the order concerning the maintenance of the parties, . . . as the altered circumstances or needs of the parties may render necessary to meet the ends of justice").

without the monthly alimony award, she is unable to pay for reasonable and necessary living expenses. According to petitioner, the family court failed to properly credit her testimony in this regard and made improper assumptions about her, including that she lives beyond her means in an "upscale" part of New York State and "turned her back" on her grandchildren when her testimony was contrary to such findings. Additionally, petitioner argues that respondent's testimony and evidence did not show that he had a material loss of income. Rather, she contends that the evidence showed that "respondent is still maintaining an active, productive law office" because he has hired a paralegal and an attorney to work in his office.

We find no error. Petitioner's bald assertions regarding all of the above are merely that, as she has failed to cite to any portion of the record below that would tend to support her arguments on appeal. In fact, the appendix record petitioner prepared in connection with this appeal does not contain any of the evidence or testimony that was presented below and that she casually references in her brief. We have explained that

> "'[w]hen the alleged errors of the trial court involve the sufficiency of the proof and the testimony upon which the judgment of the trial court is based is not made a part of the record for appellate purposes, the appellate court must presume that the judgment of the trial court is correct and warranted by the testimony.' Syllabus Point 5, *Pozzie v. Prather,* 151 W.Va. 880, 157 S.E.2d 625 (1967)."

*W. Va. Dep't of Health & Human Res. Emp. Fed. Credit Union v. Tennant*, 215 W. Va. 387, 394, 599 S.E.2d 810, 817 (2004). Consequently, the burden was on petitioner "to produce a record that discloses affirmatively the alleged reversible errors committed [below and]. . . . the failure to do so requires an affirmance of the judgment of the lower court, since error will not be presumed in the absence of an affirmative showing." *Id.* Accordingly, we conclude that petitioner has failed to carry her burden of proving that the lower courts' orders were erroneous.

In her final assignment of error, petitioner argues that the permanent alimony award was an amount agreed upon by the parties at the time of their divorce and was based upon their property settlement agreement under which petitioner gave up her interest and equity in the marital home and respondent's law practice. Petitioner argues that neither the family court nor the circuit court properly considered these facts when terminating the award.

We find no error. It is undisputed that the 2003 divorce order clearly stated that the alimony award "is modifiable by a change of circumstances and shall terminate" at respondent's death or petitioner's remarriage. Petitioner did not appeal this order. As discussed above, the family court considered several relevant factors, including respondent's adoption of two special-needs grandchildren and the expenses related thereto, his financial needs and decrease in income, as well as petitioner's increase in income before she elected to retire from her employment for unsubstantiated medical reasons. The family court found that the facts before it constituted a substantial change in circumstances that warranted a termination of the alimony award. Petitioner fails to cite to any legal authority in support of her claim that the original award was a "binding contract" that, in effect, can never be modified. Accordingly, we find that the family court did not err in terminating petitioner's alimony award.

5

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Justice Margaret L. Workman